38   147
138   684
38     147
95a   495

ALBERT KOCH, Respondent, *v.* JOHN F. LAY, GARNISHEE OF WEBSTER COLLEGE, Appellant.

*Notes—Consideration.*—Incurring expense and assuming liabilities by the promisee, in consequence of the promise, is a sufficient consideration for the promise by the maker of a note.

*Appeal from St. Louis Court of Common Pleas.*

*Cline & Jamieson*, for appellant.

In an action on a contract or note, if there has been an entire failure of the consideration after the giving of such note, even though originally there may have been no want of consideration, this forms a good cause of defence in an action on such notes, as between the original parties, or those claiming under them, who are subject to the same equities. And even a subsequent partial failure of consideration constitutes a good defence *pro tanto ;* provided it is of such a nature as to be capable of definite computation, and not mere unliquidated damages—R. C., p. 1290, § 24 ; Harrington v. Stratton, 22 Pick. 516. There would seem to be no difference in principle between the present case and those cases where a note is given in consideration of the conveyance of land by deed, with the usual covenants of warranty and seizin, and where, if the title to the land fails entirely, it is held to afford a good defence to the note ; and this, though he may have been in possession for a time, and have his remedy by cross-action on the covenants—Frisbee v. Hoffnagle, 11 Johns. 50 ; McAlister v. Raab, 4 Wend. 483 ; Steinhauer v. Witman, 1 S. & R. 447 ; Chandler v. Marsh, 3 Vt. 162 ; Tillotson v. Grapes, 4 N. H. 448. And generally it may be said, that in States where the rigidity of the common law pleading has become released, there seems to be a growing tendency, and in most States it may be regarded as already established as a rule, that as between the original parties, in an action on a promissory note, any defence growing out of the consideration upon which the note

is based, which is meritorious, may be set up, the object being to obviate the trouble and expense of cross-actions—Barr v. Baker, 9 Mo. 854; Wade v. Scott, 7 Mo. 509; Wells v. Hopkins, 5 M. & W. 7; Harrington v. Stratton, 22 Pick. 510. In the last case, the cases are carefully reviewed on this point.

*Knox & Smith,* for respondent.

WAGNER, Judge, delivered the opinion of the court.

Plaintiff recovered judgment against Webster College, and summoned defendant as garnishee. The defendant, in his answers to the interrogatories propounded to him touching his indebtedness, denied that he owed Webster College at the time of the service of the garnishment, but stated that he executed and delivered to the college, several years prior to that time, five several promissory notes, for one hundred dollars each, which notes were given in consideration of certain privileges and franchises, to be secured to him by the college, and to be by him enjoyed; that the consideration for said notes had entirely failed; that he was induced to execute them by reason of the false representations of the pecuniary condition and possessions of the college, without which representations, he would not have executed them; and that he never received any consideration for said notes.

The truth of these statements was put in issue. The trial was had before a jury, and a verdict rendered for the plaintiff. The record discloses that Webster College was incorporated by an act of the Missouri Legislature; that an organization was effected, and that Dr. Bullard was elected president of the board of trustees. The corporation possessed no money, and it sought to raise an endowment fund, and to erect suitable buildings, by the sale of scholarships. To carry out this policy, and to afford easy terms to the purchasers of scholarships, notes were taken, varying in their times of payment from ninety days to four years. Upon the strength of these notes, the corporation purchased a piece of land, built a structure for a college, employed professors, and for a num-

ber of years kept up an institution of learning. But owing to the death of Dr. Bullard, and financial embarrassments, principally caused by those who had given their notes for scholarships neglecting and refusing to pay, the institution finally went down and its assets were all sold. There was never a regularly organized college faculty, but a competent corps of teachers were employed, sufficient to meet all the demands of a young institution of learning. Whether the defendant availed himself of his privilege while the school was in existence, does not appear.

We will here remark, that there is no evidence that the defendant was induced to give his notes by the false and fraudulent representations of the corporation, or its authorized agents, and the only question therefore, is, whether there is such a failure of consideration as will enable him to avoid his obligations. It is contended that the scholarship was to be perpetual, and as the college has ceased to exist, and can no longer comply with its part of the agreement, the defendant is no longer bound. But the defendant, by his conduct in refusing to pay his notes when due, and while the college was in operation, was instrumental in bringing about its failure; and when he has thus contributed to the accomplishment of its downfall, can he turn round and plead the consequences of his own act to exonerate himself from the payment of his just obligations? Had there been no expense incurred—no buildings put up—no professors employed, and no contracts entered into, then there would have been some justice and propriety in the plea of want of consideration. Where notes are given by one or more persons to any corporation, or other legal person, or any trustees, by way of voluntary subscription, to raise a fund to promote an object, these notes are open to the defence of a want of consideration, unless the payee has expended money, or entered into engagements, which, by a legal necessity, must cause loss or injury to the payee if the notes are not paid—1 Pars. on N. & B. 202. There are many cases which hold that gratuitous promises may be enforced, where they have

operated to induce engagements and liabilities, within the knowledge of the promisor—Sto. Contr. § 453, and cases cited. Incurring expense, and assuming liabilities in consequence of the promise, is regarded as a sufficient consideration for the promise—Barnes v. Perine, 9 Barb. 202; Amherst Acad. v. Cowles, 6 Pick. 433. The corporation, in consequence of the promise of defendant and others, who had given their notes in the same manner, and relying on their payment, proceeded, with the knowledge of the defendant, to incur expense and assume liabilities.

This presents the case of prejudice, expense and charge to the promisee, which is sufficient to constitute a valuable consideration for a promise—Chit. Contr. 30; 2 Kent's Com. 465–6; Johnson v. Wabash Col., 2 Cart. Ind., 555. The consideration, therefore, must be deemed sufficient; and if the defendant has failed to reap the advantages which he expected to derive, he has the satisfaction of knowing that he assisted materially in producing the result.

Judgment affirmed. Judge Holmes concurs; Judge Lovelace absent.