Workman v. Campbell.

--------♦--------

### SAMUEL WORKMAN, Plaintiff in Error, *v.* C. C. CAMPBELL, Defendant in Error.

1. *Practice, civil — Petition — Requirement that instrument of writing be filed with, does not include subscription papers.*— A certain subscription paper, signed by above forty subscribers, was made the foundation of an action against one of them to compel payment of his subscription. *Held,* that the statute requiring the filing of instruments of writing in certain cases with the petition (Wagn. Stat. 1022, § 51) was never intended to include such cases. It was not meant to include articles of association and subscriptions.

20—VOL. XLVI.

2. *Contracts—Subscription—Labor and expense sufficient consideration for.—* Labor performed and money spent to secure the location of a railroad depot are sufficient consideration to support a promise contained in subscription to pay money for that object.

3. *Contracts—Consideration, legality of—Depot, location of—Railroad company.—*A contract to pay a given sum of money to one who should present a petition or proposition to the directors of a railroad company for the location of the depot on certain land, the money to be paid on location of the depot and completion of the road, is not void as against public policy unless it appear that sinister, extraneous, or corrupting influences were brought to bear on the company to superinduce the location.

### *Error to First District Court*

*Crittenden & Cockerell*, and *Ewing & Smith*, for plaintiff in error.

I. The Circuit Court erred in sustaining the demurrer, because the writing sued upon has the force and effect of a promissory note and imports a consideration. (Caples v. Branham, 20 Mo. 244; 18 Mo. 513; 2 Am. Lead. Cas. 162; 4 N. H. 534; 20 Johns. 89; 1 Metc. 570; 2 Denio, 403.)

II. This contract is not, upon its face, against public policy, and therefore void. If the money subscribed was not used, or to be used, to improperly influence the company or its officers to locate a depot, then the consideration is good, and the subscription was not against public policy. (Pierce on Railw. 70, 71; 9 Watts, 458; 12 Wis. 512; 6 Ohio St. 119; 15 Ohio St. 225, 320; 16 B. Monr. 358, 364; 15 B. Monr. 218.)

*Phillips*, for defendant in error.

I. The supposed agreement is without consideration, so far as the defendant is concerned. He was to receive no benefit whatever from the location of the depot. There was no mutuality of obligation, for neither the plaintiff nor Pigg were bound to do anything at the time of making the subscription. It was therefore *nudum pactum.* (Chit. on Cont. 15.) There was no privity between the plaintiff and the defendant. Workman was a mere volunteer. It is not denied that a promise originally bad for want of a consideration may afterward become binding on the promisor by the promisee advancing money or incurring labor and

expense, in good faith, on the strength of such promise. There is no sufficient averment in the petition to indicate that plaintiff did what he alleges on the faith of the subscription. (Warren v. Stearns, 14 Mass. 80.) And even did the petition contain such averment it would not support an action founded on the subscription or original promise, but the action should be founded on the implied promise growing out of such subsequent performance of work or expenditure of money. (14 Mass. 175; 19 Pick. 78-9.)

II. The directors chosen by the stockholders were clothed with a public trust and charged with the duty of locating the road and establishing depots, solely as by law required, and with regard to the public convenience and general good. The offer of means, therefore, to the directors to influence their decision, or bias or coerce their judgment, in favor of a private enterprise, was corrupting in its tendency, and contrary to open, upright, and fair dealing. The petition bears upon its face the unmistakable impress of corruption, and the courts have seldom failed to so pronounce. (Fuller v. Dame, 18 Pick. 472, 479-81; Armstrong v. Toler, 11 Wheat. 258; McGhee v. Lindsay, 6 Ala. 16; Davidson v. Seymour, 1 Bosw. 89; Bank of United States v. Owens, 2 Pet. 540, 541; 21 Barb. 361, 374; Pacific R.R. v. Seely et al., 45 Mo. 212.)

III. The subscription paper which is the predicate of the action is not filed with the action, nor is its absence accounted for. (R. C. 1855, p. 1240, §§ 59, 60; Rothwell v. Morgan, 37 Mo. 107-8.)

WAGNER, Judge, delivered the opinion of the court.

Plaintiff brought his action in the Johnson County Circuit Court to recover the sum of $200, together with interest, on a subscription made by the defendant. The petition, in substance, sets out that by the subscription paper the defendant, with others, bound himself to pay the amount subscribed to John A. Pigg, Jr., or whoever might present a petition or proposition to the board of directors of the Pacific railroad, to be used in securing the location of a depot on the land then owned by Samuel Workman or James McKehan; the money to be paid whenever it was ascertained that the location was made and the road finished to

the depot; that the land mentioned in the agreement, upon which the depot was to be located, was adjoining the town of Knobnoster; and that, in consideration of the subscription, plaintiff did present to the board of directors a petition and proposition for the location of the depot upon the lands mentioned in the subscription paper, and that he expended a large amount of labor and money, to-wit: one thousand dollars, in order to secure the location of the depot, and did secure thereby the location; that the railroad was, on the 2d day of May, 1864, completed to the said depot, and has ever since been in use to and from the same, of which the defendant was duly notified, and that Pigg assigned the subscription to plaintiff.

To this petition a demurrer was filed, for the reasons: first, that there was no sufficient consideration stated to support the promise alleged to have been made by the defendant; second, because it was a promise to pay money for influencing public officers, whose duty it was to select a depot with reference to the public convenience and accommodation; third, because the agreement was against public policy; and fourth, because it was an agreement for the exertion of a secret influence and power over the affairs of the corporation, not generally known to the public.

The Circuit Court gave judgment sustaining the demurrer, and this judgment was affirmed by the District Court. The decision in the District Court was based upon a ground not raised by the demurrer, and was placed solely on the fact that the suit was brought upon a written agreement charged to have been executed by the defendant, and that the petition did not show that the written instrument was filed in the suit. In this ruling I think the court committed error.

It is indeed true that the statute provides that when any petition or other pleading shall be founded upon any instrument of writing, charged to have been executed by the other party, or his testator or intestate, or other person represented by such party, and not therein alleged to be lost or destroyed, the same shall be filed with such petition or other pleading. (2 Wagn. Stat. 1022, § 51.) If the plaintiff fails to make proffert of the instrument

of writing mentioned in his declaration, and which is the foundation of his action, it is a substantial defect and may be reached by demurrer. (McCormick v. Kenyon, 13 Mo. 131; Campbell v. Wolf, 33 Mo. 459; Dyer v. Murdock, 38 Mo. 224; Carr v. Waldron, 44 Mo. 393.) But the provision of the statute must have a reasonable construction, and not be perverted so as to produce injustice, or be made to apply to cases which were never intended to be comprehended within it.

In The N. R. & P. Plank Road Co. v. Robinson, 27 Mo. 396, it was held that the act regulating proceedings in justices' courts did not, in a suit to recover the balance alleged to be due on a subscription to the capital stock of a plank road company, require the filing of the original articles of association executed by the defendant and others for the purpose of organizing the company. The reasoning in that case applies with full force to this. Now the subscription paper here, by which the liability of the defendant was incurred, contains the names of more than forty persons as co-subscribers; and if this paper must be filed in a suit against any delinquent, and remain with the court during the pendency of the litigation, then but one suit can be prosecuted at the same time, and that one might be so long in court that an action against other delinquent subscribers would be barred by the statute of limitations. The subscribers may reside in different counties, and to require the instrument to be filed in every suit would practically amount to a denial of the process of the law to enforce collection. The statute was obviously never intended to include cases of this kind, or to reach articles of association or subscriptions.

The first point assigned in the demurrer is that there was no sufficient consideration stated to support the promise. Where notes or promises are made by way of voluntary subscription, to raise a fund to promote an object, these notes or promises are open to the defense of a want of consideration, unless the payee or promisee has expended money or entered into engagements which, by a legal necessity, must cause loss or injury if payment is not made to him. (1 Pars. on Notes and Bills, 202.)

Incurring expense and assuming liabilities by the promisee, in consequence of the promise, is always a sufficient consideration;

and prejudice, expense, and charge to the promisee is sufficient to constitute a valuable consideration for a promise. (Koch v. Lay, 38 Mo. 147, and authorities cited.)

Where the defendant, with others, subscribed a writing by which, in consideration that a railroad company would construct a depot, etc., for the accommodation of travelers, at B., he agreed to pay the company $50 for the purpose of aiding in making the depot and establishing and improving public roads to and from the same, it was held that the instrument imported a request to the company to construct the buildings and establish and improve the roads, and that a compliance with the request by the company, so far as to construct the depot, was a sufficient consideration for the defendant's undertaking. (Kennedy v. Colton, 28 Barb. 59; see also Barnes v. Perine, 2 Kern. 18.)

The averment in the petition is that in consideration of the promise and undertaking of the subscribers, the plaintiff performed labor, incurred expense, and laid out a sum of money to secure the object contemplated, and actually succeeded in accomplishing it. There can be no question about the sufficiency of the consideration. The remaining question is, was the contract void, as being in itself illegal or against public policy?

In the case of The Pacific R.R. Co. v. Seely et al., 45 Mo. 212, we decided that although a railroad company was in one sense a private corporation, yet its chartered privileges were still granted to subserve great public interests, and that it was the duty of the directors and members of the company to exercise their best and unbiased judgment upon the question of fitness in locating depots, without being influenced by distinct and extraneous interests having no connection with the accommodation of the public or the interests of the company. The company have a deep interest in these transactions, and the directors and members of a corporation will not be permitted to reap a private gain or benefit at the expense of the public convenience, and to the detriment of the community.

But there is nothing set out in the amended petition on which this case was tried, to show that any sinister, extraneous, or corrupting influences were brought to bear upon the company to

superinduce the location. It is not alleged that anything was directly paid to the directors, or that they obtained any private advantage in consequence of their action. If such were the facts, as they do not appear on the face of the petition, the objection should have been taken by answer, and the proof submitted upon the trial. How and in what manner the labor and money were expended to secure the location does not appear. If parties voluntarily combine, in furtherance of a great public enterprise, to assist a company in the erection of a depot, I can see no objection to it, if it is done honestly and in good faith.

There is nothing to show that the arrangement was either wrongful or corrupt, and the court, in arriving at that conclusion, indulged in a presumption. I think the presumption is not warranted. The judgment should be reversed and the cause remanded, with directions to the court below to overrule the demurrer and permit the defendant to file his answer. Judge Currier concurs; Judge Bliss absent.