MILLER v. PRESTON.

(*Supreme Court of New Mexico.* January Term, 1888.)

1. SUBSCRIPTION—CONTRACT—CONDITION.
Where a number of persons have signed a subscription paper in aid of a railroad, the contract of each is several and distinct; and where one has added to his signature the words "on completion of the road," his liability is fixed thereby, and will in no wise be affected by the fact that others, who signed before him, had inserted the condition "on completion of the road by Sept. 1, 1886," with their signatures, and that these words were on the paper just above his name when he signed it.

2. SAME—PAROL EVIDENCE.
In such a case parol evidence is inadmissible to add the words "by Sept. 1, 1886," to the condition inserted in the contract by defendant.

3. SAME—CONSIDERATION.
In an action on such a contract, plaintiff, the trustee of the railroad company, proved that he had expended money on faith of the subscription, and defendant simply proved that he was not to receive anything in consideration of his undertaking. *Held* not sufficient evidence of want of consideration to warrant a charge on that issue.

4. PRACTICE—EXHIBIT.
Where the declaration set out literally the subscription paper so far as it constituted the contract of defendant, an objection to the admission in evidence of the subscription list, on the ground that it had not been filed with the declaration, was properly overruled.

5. INSTRUCTIONS—FAILURE TO NUMBER—HARMLESS ERROR.
The failure of the court to number its instructions in consecutive paragraphs, as required by Comp. Laws N. M. § 2059, will not justify a reversal of the judgment, it appearing that no rights of the parties were affected thereby.

Error to district court, Santa Fe county.

BRINKER, J. This is an action of *assumpsit*, begun by George C. Preston, trustee, against Edward Miller, in the court below, upon an obligation in writing for the sum of $200. The obligation sued on was a subscription paper, and is set out in the declaration in these words: "To aid the completion of the Texas, Santa Fe & Northern Railroad, we, the undersigned, hereby promise and agree to pay, on demand, to George C. Preston, trustee, the respective sums opposite our names. ED. MILLER, $200, (two hundred dollars,) on completion of the road." The declaration then averred the completion of the road, and a demand upon the defendant, Miller, to pay, and a refusal; and also contained the common counts. The defendant filed three pleas. The first was the general issue; the second, that the defendant was induced to sign the paper by representations and promises of plaintiff, upon which defendant relied, that unless the road was completed to the city of Santa Fe on or before September 1, 1886, he was not to be called on to pay the amount of his subscription; that these representations and promises were indorsed in writing upon the paper before he signed it, and that the road was not completed to Santa Fe until long after that time; the third, that the contract was a gratuity, and that there never was any consideration for the signing of the same. To the first plea plaintiff filed a *similiter*, and to the second and third he filed replications putting in issue the matters in those pleas alleged. There

was a trial and judgment for plaintiff. A motion for a new trial was made and denied, and defendant brings the case here by writ of error.

To reverse the judgment the defendant assigns as error: (1) The action of the court in permitting the subscription list to be read in evidence; (2) in permitting testimony to go to the jury that it was understood generally that the completion of the road meant its building from Espanola to Santa Fe; (3) in not permitting the defendant to testify whether or not any representations had been made to him at the time of the signing of the subscription list that unless the road was completed to Santa Fe by the 1st day of September, 1886, he was not to be called upon to pay his subscription; (4) in not permitting defendant to testify whether or not the indorsement on the subscription list, "unless the road is completed by September 1, 1886," and other indorsements of like character, were written on the list before he signed it, and whether he signed it subject to the terms so written, and the representations then and there made to him by the person presenting the list; (5) in refusing to give to the jury the instructions asked by the defendant, and in not indorsing the refused instructions "Refused," as required by statute; (6) in giving to the jury that portion of the court's instruction as follows: "The conditions annexed to the names of other subscribers would not change the liability of the defendant;" (7) in failing to instruct the jury upon the issue raised by the plea of want of consideration; (8) in failing to give its instructions in consecutively numbered paragraphs; (9) in failing to file the instructions asked by the defendant, so that the same might become a part of the record; (10) in overruling the motion of defendant for a new trial.

A reference to the declaration will dispose of the first point made. The writing sued on was, so far as it constituted the contract of defendant, copied literally into the declaration, and even if the statute contemplated the filing of a writing of the kind here sued on, which may be doubted, (*Workman* v. *Campbell*, 46 Mo. 305,) the requirement was fully met in this case, (section 1921, Comp. Laws 1884,) and the objection to its admission in evidence was properly overruled.

As to the second point,—that the court erred in permitting testimony to go to the jury that it was generally understood that the completion of the road meant its being built from Espanola to Santa Fe,—it is only necessary to say that the record shows that this testimony was elicited from Mr. Knaebel, a witness for defendant, on cross-examination, and was admitted without objection. Section 2197, Comp. Laws.

The third and fourth assignments of error can be considered together, as they present really but one question, and are based upon the action of the court in sustaining objections to the following questions propounded to the defendant: "*Sixth.* State if, at the time you signed that paper, whether there were no conditions made between you and Dr. Longwill that it should not be paid unless the road was built by the 1st of September?"

The seventh question was but a restatement in substance of the sixth.

"*Eighth.* Mr. Miller, state whether, at the time of signing, this paper had this indorsement just above your name, 'on completion of the road by September 1, 1886.' Was that indorsement written on that paper before you signed it?"

The instrument sued on was a subscription list, the body or heading of which was as follows: "To aid the completion of the Texas, Santa Fe & Northern Railroad, we, the undersigned, hereby promise and agree to pay, on demand, to George C. Preston, trustee, the respective sums opposite our names." Then follow about thirty names with the amount of the subscription of each set opposite each name, and in addition thereto many of these are followed by various conditions, such as: "$250, as soon as a satisfactory contract is made for the completion of the road;" "$200, on completion of the road;" "$100 on completion of road by Sept. 1, 1886;" "$300, on completion

to Santa Fe by Sept. 1886." The names of the three persons which appear immediately above defendant's are followed by the words, "on completion of the road by Sept. 1, 1886." Then follows, "ED. MILLER, $200 (two hundred dollars) on completion of the road." The paper about which it was sought to interrogate the witness we assume was the subscription list, as no other paper appears in the record. This paper constituted the several contracts of each of the subscribers. It is not pretended that it is in any sense joint, for it could not be maintained that any one of the subscribers could be held for the amount subscribed by any other than himself. If the various persons had contented themselves with simply putting down their names and the amounts they were willing to pay, then this would clearly have been the separate agreement of each to pay on demand. But many of them have seen proper to add conditions to the contract so far as it affects them, and the condition opposite any particular name limits and determines the liability of that particular subscriber. The condition following the name of defendant is, "on completion of the road." Now, the question numbered sixth sought to add to this, by parol, the words, "by Sept. 1, 1886," and this the court very properly refused to permit. 1 Greenl. Ev. § 277. The eighth question was intended to elicit from witness the fact whether the words, "the completion of the road by September 1, 1886," were on the paper before he signed it. It is not pretended that these words were put there by defendant, or by his direction; but it was the purpose of defendant to have the fact that these words were on the paper go to the jury, so that the jury might infer that they constituted a part of his agreement. If one of these conditions preceding the name of defendant formed a part of his contract, then all of them that were placed there before his signing also entered into it; and if this be so, what was his contract? and upon what condition did his liability to pay depend? Was he to pay when a satisfactory contract for the completion of the road was made? or when the road was completed? or when completed by September 1, 1886? or when completed to Santa Fe by September 1, 1886?

As has been said, this is clearly the separate undertaking of each signer, and if this be true, the fact that all the contracts are on one paper cannot change the nature of the agreements. Suppose they had been on separate papers, each with the same general heading, but with the several conditions, and let it be supposed that these papers were all exhibited to defendant at the time he signed, and thereupon he signed a paper containing a like heading, but added the condition to his name, in the words of this agreement, "on completion of the road," could he with any show of reason say that the conditions on those other papers entered into his contract? The statement of the proposition refutes it. If these several conditions preceding his name were not a part of his agreement, then the question whether they were on the paper or not before he signed was wholly immaterial. If it had been inquired of defendant what he meant by "completion of the road," or what he understood by those words, the inquiry would have been proper, because the words, standing alone, do not clearly express a definite meaning. This is justified by the rule that where the agreement is expressed in short and incomplete terms parol evidence is admissible to explain that which is *per se* unintelligible, such explanation not being inconsistent with the written terms. 1 Greenl. Ev. § 282. This rule, however, does not permit the addition of words that will vary or change in any manner the meaning of the writing. The inquiry here suggested would have brought out the conversation, if any, that took place at the time of the signing, and would have enabled the jury to determine whether defendant meant that his payment should have become due upon the completion of the road to Santa Fe, or to Cerrillos, or as contemplated in the road's charter; but it would not have permitted conversations as to the time of completion. Defendant's liability depended on completion, no matter when it should be accomplished.

It is contended that defendant had tendered an issue in his second plea, upon the question of the time of completion, and that plaintiff joined issue thereon, and therefore the evidence was competent. The issue was joined on defendant's contract, and not upon the contracts of other persons, and it was the duty of the court, upon inspection of the writing, to determine whether the words upon the paper and embraced in the interrogatory tended to establish an issue in favor of defendant, and rightly decided that they did not.

The defendant was asked in another question as to what representations had been made to him concerning the completion of the road, which he was not permitted to answer. This question may have been intended to elicit what was said at the time the paper was signed to induce him to sign it, but it does not so state, and we are not justified in divining what may have been intended; we must look at the question as it appears in the record to ascertain its purpose. As it thus appears it is too broad; it would justify the detailing of any conversations or representations as to the completion of the road, wherever and whenever made, and by any person whomsoever.

The fifth assignment relates to the refusal of the court to give instructions asked by the defendant, and failing to indorse them "Refused." It is sufficient to say, in disposing of this, that the record nowhere shows that defendant asked any instructions. As one of the grounds stated in his motion for a new trial, he complains of the refusal of instructions, but there is nothing in the record to sustain this ground. If no instructions were asked by defendant and refused, it would be difficult for the court to mark instructions, as defendant insists he should.

The sixth assignment is fully covered by what has been said concerning the conditions annexed to the names other than defendant's, and need not be repeated here.

The seventh is based upon the failure of the court to instruct upon defendant's plea of want of consideration. The plaintiff proved that he had expended money on the faith of these subscriptions. Defendant offered no evidence to contradict this; he simply proved that he was not in any manner to receive anything as consideration for the subscription. This was not sufficient evidence of want of consideration to warrant the court in charging the jury on that issue. In *Workman* v. *Campbell*, 46 Mo. 305, it is said: "Where notes or promises are made by way of voluntary subscription to raise a fund to promote an object, these notes or promises are open to the defense of a want of consideration, unless their payee or promisee has expended money or entered into engagements which, by legal necessity, must cause loss or injury if payment is not made to him." Citing Pars. Bills & N. 202. This is the universal rule. *Koch* v. *Lay*, 38 Mo. 147, and cases cited.

The eighth assignment is that the court failed to number its instructions in consecutive paragraphs. Section 2059, Comp. Laws, requires this to be done, but we are of the opinion that this section is merely directory. No rights of defendant were sacrificed or prejudiced by a failure to comply with this section, and if such failure is error, it is not such error as will justify a reversal of the judgment.

The ninth assignment is answered by our observations upon the fifth, *supra*.

The tenth is for overruling the motion for a new trial. We have seen that no error was committed on the trial, therefore this motion was properly denied.

The judgment is affirmed.

LONG, C. J., and HENDERSON, J., concur.

REEVES, J., having presided in the court below, did not sit.