———o———

John P. Johnston, Respondent, *vs.* Granville Morrow, Appellant

1. *Mortgage on mill, when will include machinery subsequently placed in.*—By the terms of a mortgage given on a mill to secure certain notes, it was made "a lien on the mill and machinery in said mill till the payment of said notes," *Held*, that it would embrace machinery placed in the building after the mortgage was given and before the notes were satisfied.
2. *Damages, excessive—Remittances in Supreme Court.*—When excessive damages are given by a jury, a *remittitur* thereof may be entered in the Supreme Court, without sending the party back to the lower court.

*Appeal from Buchanan Circuit Court.*

*Doniphan & Reed,* for Appellant.

I. The mortgage purported to be and was treated as a chattel mortgage, and attached only to the machinery in the mill at the date of its execution, and it would have been incompetent

for the parties to have contracted that such chattel mortgage should have applied, to after acquired machinery. (19 N. Y., 123; 2 Lans. [N. Y.], 127; 10 Metc., 481; 2 Hill. Mortg., 339, *et seq.*)

II. No *remittitur* has been filed in this court for this excess. (48 Mo., 42.)

*W. H. Sherman,* for Respondent.

I. Although the deed might not, as a chattel mortgage, affect personal property subsequently acquired by the mortgagor, yet the machinery being annexed as a fixture to the real estate described in the mortgage, becomes subject to that mortgage as a part of the realty. And it was not released from the lien or incumbrance of such mortgage by reason of its severance from the mill. By the severance it became personal property, and in that character was still subject to the mortgage. (Curry vs. Schmidt, 54 Mo., 516.)

WAGNER, Judge, delivered the opinion of the court.

The record shows that one Oliver Davis owned a piece of land, on which there was a saw-mill, in Doniphan county, Kansas, and that he solicited a loan of $2,200, from the plaintiff herein.

Plaintiff refused to loan the money, being unwilling to rely on the land and mill as security, as the mill was old and had run down. Davis represented that he wanted to borrow the money for the purpose of building a new mill instead of the old one, whereupon, the plaintiff agreed to loan the money when the new mill was completed. When the new mill was erected the money was loaned, Davis and wife executing to the plaintiff a mortgage on the land to secure the payment, which mortgage contained this stipulation : " This instrument is to be a mortgage and lien on all buildings, mill and machinery in said mill, until said notes are paid, and to this end this instrument is to be and remain, also, a chattel mortgage on the mill and all machinery within, until said notes are fully paid."

Both prior and subsequent to the date of the mortgage, Davis added new machinery to the mill, and, also, put new machinery in the place of old machinery which was inconvenient, out of repair, or worn out. The machinery was affixed to the mill in the usual manner, and used for improving it. The mill was situated on the bank of the Missouri river, and after the notes became due, and whilst they remained unpaid, the river commenced rising and threatened to wash the mill away. Davis informed plaintiff that he could not pay off the mortgage debt, and that he had done all he could to save the mill, and requested plaintiff to take the mill and machinery and save what he could, and make the most of it. Plaintiff then removed the mill and machinery to a place of safety at his own expense. While the several parts of the mill and machinery were lying at the place where they were deposited, Davis, without the knowledge or consent of plaintiff, took and carried away a portion of the machinery, which was severed from the mill, and delivered it to the defendant. To recover it, this suit was brought.

The machinery which was taken and delivered to the defendant, was machinery which was put in the mill, by Davis, after the execution of the mortgage, but which was delivered to plaintiff as part of the mortgaged property.

That Davis delivered the mill and all the machinery to plaintiff, is conclusively established; for this question was directly submitted to the jury under an instruction, and they found in the affirmative.

The only question is whether the after acquired machinery which was placed in the mill, was subjected to the lien of the mortgage:

By the terms of the mortgage, a lien was created on buildings, mill and all machinery in said mill, until the notes were fully paid. The mortgage, it is true, is somewhat indefinite. It does not, in words, limit the lien to the machinery then in the mill, nor does it mention machinery to be afterwards put in the mill; but it constituted a lien on all the machinery in the mill till the payment of the notes. The parties could

hardly have contemplated that the machinery would always remain the same as it was when the mortgage was executed.

In a mill, machinery is constantly breaking and wearing out and has to be replaced by new, and it is sometimes necessary to introduce additional machinery for convenience and profit. As the lien extended to the mill and all machinery within, until the notes were fully paid, it was sufficiently comprehensive to include all the machinery in the mill when the notes became due. But if we concede that there might be some doubt about this construction, it is obviated and made perfectly clear by the action of the parties themselves. Davis turned over the mill and all the machinery in it to the plaintiff, and told him to take it, that it was his under the mortgage ; and the plaintiff did take it into his possession and expended money upon it. There was no reservation of any of this machinery. This shows the intention of the parties, and what they meant by the agreement. It is the mutual interpretation by themselves of their own contract, and as there is nothing in it, which is in conflict with the writing, the intention as manifested by their own action should prevail.

The jury not only found the value of the property, but gave damages in excess of interest on the amount, and the plaintiff offers to enter a *remittitur* in this court for the excess. Upon his doing so the judgment will be affirmed ; all the judges concur.