————o————

THOMAS CORRIGAN, Respondent, vs. P. W. DETSCH, Appellant.

1. *Contract—Street grading, subscription to pay for—Consideration, what sufficient.*—Certain sums were subscribed to induce a contractor to complete the grading of a street in Kansas City, begun under a contract with the city; and, in consideration of that agreement the contractor made a settlement with the city for the work then done, and entered into engagements for its completion, which arrangements and expenditures he was not obliged, under his contract with the city, to make, and which were necessarily productive of loss and injury, in case of non-payment of the subscription. *Held,* that the consideration was amply sufficient to support an action for the amounts pledged.

*Appeal from Jackson Special Law and Equity Court.*

*Wm. E. Sheffield,* for Appellant.

*Tichenor & Warner,* for Respondent, cited, Marks vs. Bk. of Mo., 8 Mo., 316; Southern Hotel Co. vs. Chouteau, 53 Mo., 572; Koch vs. Lay, 38 Mo., 147; Harkman vs. Campbell, 46 Mo., 305.

WAGNER, Judge, delivered the opinion of the court.

This action was instituted on the following writing: "We, the undersigned owners of property on Grand Avenue, Kan-

sas City, agree and promise to pay, each of us severally, the amounts placed opposite our names, as an inducement to Thomas Corrigan to commence and complete the grading of said street under his contract with the city, and for the purpose of indemnifying him for his loss and expense in collecting his pay for the work done, from the city, and his loss on certificates of indebtedness taken in payment, to be paid as soon as the grading is completed; to be completed on or about the first of July, 1872. Dec. 7, 1871. (Signed,) P. W. Detsch, $75.00, and others."

At the trial the evidence was, that by virtue of the subscription sued on plaintiffs made a settlement for work done on Grand Avenue referred to; that at the time he so settled, the city owed him $9,000 and the interest thereon from June previous; that he had stopped work because the city had broken its contract by not paying for the work in monthly estimates, and because of this subscription he made a settlement with the city, throwing off the interest due on the $9,000, and gave the city until the next October to pay that sum; that he took same in certificates of indebtedness, due at that time, instead of cash, as called for by his contract with the city, and that he took the same at 90 cents on the dollar, when they were worth only 80 cents on the dollar in the market, and that the settlement was made by reason of the subscription; that he went to work in January and February in order to complete the work according to the terms of the subscription, and labored under disadvantages on account of the ground being frozen; and that he would not have done it except for the subscription.

The court gave judgment for the plaintiff, and the only ground now urged for a reversal is, that the subscription is not supported by a sufficient consideration. But we are not of this opinion. We think the consideration was ample and sufficient. The undisputed facts show that the plaintiff, in consideration of the subscription, expended money and entered into engagements which must necessarily cause him loss and injury, if the subscription is not paid, and that on account of

the subscription he made a settlement with the city for a less
sum than was due him, and extended the time of payment
for money then owing and due him, and that he also worked
at a disadvantage and at increased expense when he was not
bound to do so, because the city had violated its contract. If
these facts do not furnish a good consideration it is difficult
to imagine what would.

We are of the opinion that the judgment should be affirmed.
The other judges concur.