## TRUSTEES OF CHRISTIAN UNIVERSITY, Respondents, v. G. A. HOFFMAN, Appellant.

### St. Louis Court of Appeals, June 24, 1902.

1. **Valuable Consideration, What It Is.** A written promise to pay, at a future date, a sum of money to the trustees of an educational institution, which the trustees rely upon by incurring obligations and expense on the faith thereof, becomes thereby binding, and supported by a valuable consideration.

2. ————: WHEN INSTRUMENT IMPORTS CONSIDERATION: STATUTORY CONSTRUCTION. The instrument described in the first headnote is held to import a consideration under Missouri law (R. S. 1899, sec. 894), which applies equally to negotiable and nonnegotiable promises to pay.

3. **Oral Evidence:** CAN NOT CONTRADICT THE TERMS OF A WRITTEN INSTRUMENT. As between immediate parties, failure or want of consideration may be shown to defeat a promissory note, but that rule does not sanction oral evidence of a condition contradicting the terms of the instrument in other respects than the consideration.

4. ————: ————. An instrument of writing promising absolutely to pay a certain sum of money can not be defeated by oral evidence to the effect that the amount promised was to be paid only on condition that an endowment fund of $50,000 was raised before a certain date.

5. **Testimony in Rebuttal:** ERROR. It was not error to admit testimony in rebuttal tending to disprove defendant's evidence, although that evidence may have been admitted on an erroneous theory.

6. **Instruction.** A refused request for an instruction contained the word "plaintiff," in place of the intended word "defendant." The court discusses cases where such error was disregarded, but holds it immaterial where the request was properly refused on other grounds.

7. **Request for Instruction: ERROR.** In civil actions it is not error to deny a request for an instruction unless the latter is correct in all respects.

8. **An assignment of error** in the motion for a new trial "that the verdict was wholly unwarranted by the testimony," is a sufficient objection to the excess ive amount of the verdict, and raises that question for review on appeal.

9. **Practice, Appellate: REMITTITUR.** Where a finding in an action on contract is in excess of the amount claimed in the petition, the error may be corrected in the appellate court by remittitur, even if the point has not been raised in the trial court.

10. **Error, When Prejudicial: PRESUMPTION.** Error is presumed to be prejudicial unless demonstrated to be harmless.

11. **Practice, Appellate.** Parties are bound in an appellate court by the positions voluntarily assumed by them in the trial court.

12. **Where an excessive verdict** is corrected by remittitur, the costs of appeal should be taxed against respondent.

Appeal from Marion Circuit Court.—*Hon. David H. Eby*, Judge.

AFFIRMED (*conditionally*).

*George A. Mahan* and *Reuben F. Roy* for appellant.

(1) The last word of the instruction asked by defendant should have been read as "defendant" instead of "plaintiff," and the instruction thus given disregarding the clerical error. Fischer v. Packing and Provision Co., 77 Mo. App. 108; Bank v. Goldsell, 8 Mo. App. 596; Shortell v. City of St. Joseph, 104 Mo. 115. (2) While parol evidence will not be received to contradict or vary a written agreement, still, if a part only of the contract be put in writing, the matter left out may be supplied by parol evidence. Black River Lumber Co. v. Warner, 93 Mo. 374; Plumb v. Cooper, 121 Mo. 668; Greening v. Steele, 122 Mo. 287; Kenepick v. Type Foundry Co., 72 Mo. App. 381; Norton v. Bohart, 105 Mo. 615. (3) The rule does not apply

where the original contract was entire and a part only reduced to writing. Brown v. Bowen, 80 Mo. 189. (4) Where the writing binds only one party, and there is nothing to show the consideration or reciprocal obligation to bind opposite party, it may be shown by parol. Sanders Pressed Brick Co. v. Real Estate Co., 86 Mo. App. 169. (5) The consideration for a promise may well be contingent; that is, it may consist in the doing of something by the promisee which he need not do unless he chooses, but which being done by him, the contract is complete and the promise binding. German v. Tilbert, 83 Mo. App. 141. (6) A condition of a promise, when that condition is complied with, may constitute a legal consideration. Lindell v. Rokes, 60 Mo. 249. (7) A subscription to an endowment may be shown to have been upon condition, as a consideration, which condition has failed. Grand River College v. Robertson, 67 Mo. App. 329; s. c., 72 Mo. App. 7; Simpson Centenary College v. Tuttle, 71 Iowa 596. (8) The real consideration of the defendant's promise was the performance of the condition that the endowment should be raised to $50,000 by June 2, 1904. That could be shown by parol. Grand River College v. Robertson, 67 Mo. App. 329; Simpson Centenary College v. Tuttle, 71 Iowa 596. (9) This promise is unilateral. The reciprocal promise, obligation, or condition resting upon plaintiff existed only in parol, and yet when the defendant offers to show by parol what the inducement was for his promise he is told in spite of the statute and a long line of decisions that failure or want of consideration can be shown, that he is bound by his promise as written, while the plaintiff is permitted to show a parol consideration, and, *mirabile dictu,* that consideration consists in making expenditures in reliance on defendant's written promise in spite of his oral understanding that he was not to pay unless $50,000 was raised. (10) The finding of the court can

be justified on the theory that, while the original promise may have been given on condition that the endowment should be raised to $50,000 by June 2, 1894, yet the defendant in 1896, unconditionally promised to pay the amount, because such new promise was not within the issues raised by the pleadings and was objected to by the defendant on that ground.   State ex rel. v. Roberts, 62 Mo. 338; Mathias v. O'Neil, 94 Mo. 520; Eddy v. Baldwin, 32 Mo. 369; Burkholder v. Henderson, 78 Mo. App. 287.   (11) The allowance of compound interest is error apparent on the face of the record proper, and it was not necessary to raise that point by motion for a new trial or in arrest.   Ryan v. Growney, 125 Mo. 474.

*O. C. Clay* and *B. F. Glahn* for respondent.

(1) The court did not err in refusing the instruction asked by the defendant.   It may well be doubted whether the court would have been justified in reading the last word of the instruction as "defendant" instead of "plaintiff" as written. Stegman v. Berryhill, 72 Mo. 307; Brink v. Railway, 17 Mo. App. 177.   (2) A party to whom a written proposal for a subscription is made by an intermediary, must not rely upon the oral statements of the intermediary, varying the terms of the written proposal, unless he knows that the intermediary has authority from the other party to make such oral agreements.   Perkins v. Bakrow, 45 Mo. App. 248. (3) Gratuitous subscription for a charitable purpose may be   enforced if the promisee has (since the promise) expended money or assumed obligations that will result in loss unless the subscription be paid.   The mutual promise of the subscriber forms the consideration of the contract, and it is immaterial that the subscriptions are payable to a third party.   Hotel Co. v. Smith, 13 Mo. App. 7; Methodist Orphan's Home

Ass'n v. Shark, 6 Mo. App. 150; Koch v. Lay, 38 Mo. 147; Pitt v. Gentle, 49 Mo. 74; James v. Clough, 25 Mo. App. 147; Workman v. Campbell, 46 Mo. 305.   (4) It has been held repeatedly that where parties have reduced their contract to writing, it will be conclusively presumed, in the absence of fraud, accident, or mistake, that such writing includes the whole agreement, and the extent and manner of the undertaking, and that they will not be permitted to add to nor vary its terms by parol testimony.   Dearmin v. Schnell, 71 Mo. App. 503; Loan & Trust Co. v. Workman, 71 Mo. App. 275; County of Johnson v. Wood, 84 Mo. 489.   (5)   But appellant can not complain along this line because all the parol testimony he offered along this line was admitted by the court over plaintiff's objection, and permitted to remain in over plaintiff's motion to strike it out.   Where the note or instrument of writing sued on is on its face, an absolute and unconditional promise to pay the sum of money therein specified, the defendant can not be allowed to show an oral agreement, either contemporaneous or prior, that the payment of the money should depend upon a certain contingency or performance of a certain condition.   To permit such would be to violate the well-established rule that oral testimony is inadmissible to vary or contradict the terms of a written instrument.   Jones v. Shaw, 67 Mo. 667; Massmann v. Holscher, 49 Mo. 87; Reed v. Nicholson, 37 Mo. App. 646; Pearson v. Carson, 69 Mo. 550; Jones v. Jeffries, 17 Mo. 577; Benson v. Harrison, 39 Mo. 303; Williams v. Stifel, 64 Mo. App. 138.   (6) Where the excess of the judgment can be easily ascertained from the findings, appellant should be permitted to remit such excess in the appellate court, and the judgment affirmed for the balance.   Warder v. Henry, 117 Mo. 530.

BARCLAY, J.—Plaintiffs are the trustees of Christian University, an educational institution located at Canton, Missouri, and a corporation.

The action is upon an instrument of writing which we shall call a note, without any critical inquiry into its proper classification. It is as follows:

"1,000.00        "St. Louis, Mo., June 2, 1891.

"This is to certify that I have promised one thousand dollars to the board of trustees of Christian University to be added to the permanent endowment fund on the following conditions:

"That no part of this amount is to be due until four years from date, when $200 will be due, and $200 annually after that date. Also this promise is without interest until three years from date (in 1894). It shall become interest-bearing June 2, 1894, at the rate of six per cent per annum.

"G. A. HOFFMAN."

Defendant's answer admits the execution of the instrument, pleads that it was "wholly without consideration," and made upon an express understanding that the sums mentioned therein were not to be given unless the permanent endowment fund of· Christian University (the real plaintiff) should amount to $50,000 on or before June 2, 1894, and that said fund never reached that sum.

The reply of plaintiffs denied the new matter of the answer. The cause then came on for trial before Judge Eby, a jury having been waived.

Plaintiffs introduced the note in evidence together with proof of demand of the several installments as they became due by the terms of the paper.

The defendant's testimony tended to show that he executed the instrument at the request of a representative of plaintiffs, employed to solicit subscriptions to

the endowment fund of plaintiffs, and that it was upon the oral condition that the endowment fund (of which this subscription was to be a part) should reach $50,000 within three years from the date of defendant's promise.

Plaintiffs objected and excepted to the reception of the testimony bearing upon the said condition annexed to the instrument, but the court admitted the testimony, nevertheless.

Defendant's evidence further went to show that the endowment fund never reached the sum of $50,000. It was far below that sum at the last date of its estimate mentioned by any of the witnesses at the trial.

In rebuttal there was considerable uncontradicted evidence to show that the board of trustees of the university made obligations, and expended money for the improvement and repair of its property, employed teachers and conducted their institution continuously during the scholastic months from June, 1891, to the time of the trial, in reliance upon defendant's note aforesaid, and others similar thereto.

There was further evidence on the part of plaintiffs tending to show that in July, 1896, defendant made a new promise corroborating that in the paper sued upon; and that he, at that time, made no claim of, or allusion to, any conditional promise whatsoever.

Defendant rejoined by a denial of the statements as to the new promise.

The foregoing outline of testimony is sufficient for the purpose of this review.

No declarations of law were given. One was refused as asked by defendant. Its language will be quoted further along, in connection with the ruling upon it.

The learned trial judge found for the plaintiffs in the sum of $1,477.34. Defendant moved for a new trial, but it was denied. He duly saved exceptions and brought the case by appeal to this court.

1.  The note which forms the foundation of this case imports a consideration, under the following section of the statute law of Missouri:

"All instruments of writing, made and signed by any person or his agent, whereby he shall promise to pay to any other, or his order, or unto bearer, any sum of money or property therein mentioned, shall import a consideration, and be due and payable as therein specified." R. S. 1899, sec. 894.

The foregoing provision of our law applies equally to negotiable and non-negotiable promises to pay. Spears v. Bond, 79 Mo. 467. An instrument quite similar to the one here in suit was before the Supreme Court in Caples v. Branham, 20 Mo. 244. It was held that the paper which in that case expressed an agreement to pay a certain amount for the purpose of purchasing grounds and buildings for high schools, etc., imported a consideration.

But, apart from the inference of law arising under the above-mentioned statute, it has been held that where such a promise as that under review has been made to an institution like that of the plaintiffs, and, before the promise is withdrawn, obligations have been created or expenses incurred by the promisee upon the faith of the promise, these facts furnish a consideration to support the original agreement, although, in the first instance, it may have partaken somewhat of the nature of a gift. Koch v. Lay, 38 Mo. 147; Pitt v. Gentle, 49 Mo. 74; Corrigan v. Detsch, 61 Mo. 290; School District v. Sheidley, 138 Mo. 672.

We shall not enter upon a discussion of the principles on which that conclusion rests. They have been declared with such distinctness by the Supreme Court that we consider ourselves concluded by those rulings as binding authority in this court (Const. Amendt. 1884, sec. 6).

The Courts of Appeals have followed those rulings

and they can not be successfully questioned at this time as part of the law of Missouri. Orphans Home v. Sharp's Ex., 6 Mo. App. (St. L.) 150; James v. Clough, 25 Mo. App. (St. L.) 147; Swain v. Hill, 30 Mo. App. (K. C.) 436.

2. In our view the learned trial judge was in error in admitting the evidence by which it was sought to attach the condition aforesaid to the defendant's promise to pay, contained in the instrument sued upon.

It is not competent to contradict the promise which a note contains by evidence annexing a condition other than one which relates to the consideration thereof, in the absence of fraud.

A failure or want of consideration may be shown under the Missouri law (R. S. 1899, sec. 645). Where such defect of consideration appears it, of course, destroys the obligation or promise to pay which the note contains. But testimony of a want of consideration is quite different in legal effect from proof which undertakes to defeat such an instrument by some agreement in conflict with its other terms. The latter testimony is not competent of itself, nor is evidence to show a condition (in the nature of a defeasance) not expressed in the instrument, admissible to defeat its purpose. Jones v. Jeffries, 17 Mo. 577; Smith's Admrs. v. Thomas, 29 Mo. 307; Massman v. Holscher, 49 Mo. 87; Rodney v. Wilson, 67 Mo. 123.

3. The defendant complains of the refusal of the following instruction:

"The court declares the law to be that it was agreed between the defendant and one J. M. Hoffman as the soliciting agent of the plaintiff, that the defendant's subscription of one thousand dollars was on condition that the endowment fund of plaintiff should be raised to a total of $50,000 on or before the second day of June, 1894, then the finding should be for the plaintiff."

By a singular accident this refused request contains precisely the rule of law which we have just declared to be correct; but it was not, by any means, designed to convey that idea. The word "plaintiff" at the close, we do not doubt, was intended to read "defendant," which puts quite a different phase upon the law declared in the instruction.

It has been held several times that an obvious mistake in the use of the words "plaintiff" and "defendant," in an instruction, which the court gave to the jury, will furnish no ground for reversal where the proper reading of those words can be readily discerned; or (to put the matter in another form), where the mistake is so evidently clerical as to permit no possibility of error on the part of the ordinary reader. Shortel v. St. Joseph, 104 Mo. 114 (16 S. W. 397); Lucas Market Bank v. Goldsoll, 8 Mo. App. (St. L.) 595; Lin v. Railroad, 10 Mo. App. (St. L.) 134; Suttie v. Aloe, 39 Mo. App. (St. L.) 38. But it has been also held that where a mistake in the use of the words "plaintiff" and "defendant" has occurred in an instruction, in circumstances which make it questionable whether or not the jury would correctly interpret the court's language, the error is fatal to the judgment. Stegman v. Berryhill, 72 Mo. 307. This last ruling accords with the generally-accepted proposition that error is presumed to be prejudicial unless demonstrated to be harmless.

We have not, however, been able to find any civil case in which the court was held obliged to correct a request for an instruction by substituting the word "plaintiff" for "defendant," or the latter for the former. The general rule in civil actions is that it is not error to deny a request for an instruction, unless it is correct in all respects.

This question might, perhaps, be more serious

Vol 95 app—32

were it not so clearly to be seen that the instruction would not be good even if the proper word (defendant) appeared in it instead of "plaintiff" at the close. The remarks which we have made in the paragraph preceding this one indicate our views of the law upon this topic and sustain the ruling of the trial court in refusing the request, even with the correction suggested by the defendant. So it is not needful to further pursue the inquiry into the duty of the trial court concerning the clerical error in the defendant's refused request.

4. Error is assigned on the admission of testimony for plaintiffs in rebuttal concerning a renewed promise of payment by defendant in 1896, already described. That evidence had a tendency to contradict the assertion of defendant to the effect that his original agreement was conditioned and not absolute. The pleadings as they stood were sufficient to warrant the admission of that item of rebuttal evidence. There was no error in the ruling on the theory on which the learned circuit judge tried the case. Had he not found for plaintiffs, and thereby denied as a fact the alleged condition sought to be annexed to the note, the admission of defendant's evidence along that course might have been seriously questioned. But defendant opened that line of inquiry, and on appeal he can not successfully assign error upon the trial court's pursuing that line to the end of the case. Parties are bound in an appellate court by the positions voluntarily assumed by them in the trial court.

5. Defendant further complains that the findings of the court are excessive. The petition is shaped into five several counts, or causes of action, each founded on one of the installments mentioned in the note, beginning with the one payable June 2, 1895.

The findings are on the first count for $358; on the second count for $326.62; on the third count for $283.60; on the fourth count for $268.15; and on the

fifth count for $240.97; total, $1,477.34. It is claimed by appellant that the findings aforesaid are excessive to the following amounts: on the first count, $22.62; on the second count, $18.80; on the third count, $9.20; on the fourth count, $4.72; and on the fifth count, $1.60. Respondents confess that some of the findings are excessive and ask to be allowed to remit the excess. They do not precisely agree, however, to the figures proposed by appellant; but we consider them as favorable to the respondents as a proper construction of the note will permit, so we adopt them. The court will allow a remittitur to be entered on each of the counts to eliminate the surplus so that the several findings shall stand as follows: on the first count, $335.38; on the second count, $307.82; on the third count, $274.40; on the fourth count, $263.43; on the fifth count, $239.37; total amount, $1,420.40.

It has been recently held by the second division of the Supreme Court that a motion for new trial which assigns the ground that "the verdict was wholly unwarranted by the testimony," amounts to an objection that there is an excessive verdict, and that such an assignment of error sufficiently raises that question for review. McCloskey v. Pub. Co., 163 Mo. 31. That ruling was made in an action based on tort, but the reason for its application is stronger in an action on contract where the evidence of amount rests on an instrument of writing alone.

It has been held further that where no point of an excessive recovery has been made in the circuit court but a finding or verdict has been rendered for a larger amount than is claimed in the petition, an appellate court will compel a remittitur of the excess under penalty of reversal, and require the respondent to pay the costs of appeal. Miller v. Hardin, 64 Mo. 545; Exchange Nat. Bk. v. Allen, 68 Mo. 475. The penalty of costs has not always been imposed. Atwood v.

Gillespie, 4 Mo. 423; Johnston v. Morrow, 60 Mo. 339. But more recent cases seem to require it. Clark v. Bullock, 65 Mo. 535; Peck v. Childers, 73 Mo. 484.

The law of other States on this topic does not concern us at present.

According to Missouri precedents already cited, it is settled law that errors of the kind in question here, ascribable merely to miscalculation in an action on contract, may be corrected by a remittitur on appeal where the record affords the materials for correction as a clear matter of mathematics. So we shall affirm the judgment (as of September 16, 1901) for the amount remaining after the reduction of the findings as aforesaid ($1,420.40), if respondents within ten days file a consent to such reduction.

Under some of the foregoing Missouri decisions we further adjudge that respondents pay the costs of this appeal. As modified the judgment will be affirmed at the costs of the respondents; but if the remittitur be not filed the judgment will be reversed and the cause remanded. *Bland, P. J.,* and *Goode, J.,* concur.