SMITH v. TEXAS TRACTION CO.
(No. 1473.)

(Court of Civil Appeals of Texas. Texarkana. Oct. 28, 1915.)

1. CARRIERS �köm318—PERSONAL INJURY—SUF-FICIENCY OF EVIDENCE—ACCIDENT.

Evidence in a passenger's action for person-al injury while alighting from a street car *held* to sustain a finding that he fell as the result of an accident without negligence on either the part of himself or the defendant.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1270, 1307–1314; Dec. Dig. ⊙⇒ 318.]

**2. APPEAL AND ERROR ☞731—ASSIGNMENT OF ERROR—CONSTRUCTION.**

In such action, and in view of such answer, an assignment of error in refusing to set aside the answer as being contrary to the answers to other questions ·did not raise any question that the jury's findings as a whole were so conflicting as to make them insufficient to support a judgment.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3017–3021; Dec. Dig. ☞ 731.]

**3. APPEAL AND ERROR ☞730—ASSIGNMENT OF ERROR—SUFFICIENCY.**

An assignment of error in the court's instruction on the measure of damages that it was misleading, confusing, and prejudicial was too general under the rules to be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3013–3016; Dec. Dig. ☞ 730.]

**4. APPEAL AND ERROR ☞1064—HARMLESS ERROR—INSTRUCTION—DAMAGES.**

In a passenger's action for personal injury, an instruction that if, under the findings, plaintiff was entitled "to recover," the measure of his damages would be as stated, while not approved as proper or necessary, was without injury.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4219, 4221–4224; Dec. Dig. ☞1064.]

**5. CARRIERS ☞318 — PERSONAL INJURY — QUESTION OF FACT — INSUFFICIENCY OF LIGHT.**

In a passenger's action for personal injury while alighting from a street car, on the ground that the defendant failed to furnish a light at a station, where plaintiff's evidence intended to show that the sole cause of his falling was the starting of the car, evidence *held* to show that any deficiency of light was only a remote incident, in no wise causing his fall.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1270, 1307–1314; Dec. Dig. ☞ 318.]

**6. APPEAL AND ERROR ☞927—PRESUMPTIONS —SUBMISSION OF ISSUES TO JURY.**

On plaintiff's appeal from a verdict for defendant, in determining whether the court should have submitted an issue to the jury, the evidence on such issue will be taken at its strongest in favor of plaintiff.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2912, 2917, 3748, 3758, 4024; Dec. Dig. ☞927.]

Appeal from District Court, Grayson County; W. J. Mathis, Judge.

· Action by B. F. Smith against the Texas Traction Company. Judgment for defendant, and plaintiff appeals. Affirmed.

The action is by appellant against appellee for damages for alleged personal injuries claimed to have been sustained while a passenger on an interurban car. The grounds of negligence alleged in the petition are: (1) Failing to have or furnish a light at Willow Grove station, the night being very dark, to enable plaintiff and other passengers to clearly see how to alight from the car; (2) negligently causing the car to pass beyond the usual stopping place at the station without notifying plaintiff, and causing him in endeavoring to alight to fall at a place where the distance between the ground and the car step was far greater than at the usual stopping place; and (3) knowing that plaintiff was endeavoring to alight from the step of the car, negligently starting the car forward without notice to him, causing him to fall. The case was submitted to the jury on special issues, and the court on the findings and the evidence entered judgment in favor of appellee.

Appellant entered the interurban car at Denison at 11:15 o'clock p. m. to go to Willow Grove station; his home being about 400 feet south of the station. The night was dark, and there was lightning and drizzling rain. The car reached Willow Grove station between 11:30 and 11:40 o'clock p. m., and stopped for the passengers to alight, at a point beyond the usual and customary place for stopping the car. The distance from the step of the car to the ground at the place of stopping was, according to plaintiff's evidence, between 3 and 5 feet. On conflicting evidence the jury made the findings that the car stopped and remained standing; that plaintiff had a reasonable time in which to get off before the train started, and the car was not operated and did not start while the plaintiff was on the step; that plaintiff was not thrown or caused to fall by the starting or jerking of the car; and that he did not sustain his injury by reason of the starting or jerking of the car, but that plaintiff fell in alighting from the car when it was standing still, and his fall was accidental, resulting without negligence on the part of the traction company or the plaintiff himself.

Randell & Randell, of Sherman, for appellant. Templeton, Beall & Williams, of Dallas, and Head, Dillard, Smith, Maxey & Head, of Sherman, for appellee.

LEVY, J. (after stating the facts as above). By the first assignment of error appellant contends that the answer of the jury to question 3 is against the undisputed testimony. It is not thought that the answer is a material fact affecting a judgment, in view of the other findings to the effect that appellant was not guilty of negligence. And, properly construing the answer of question 3 in connection with the answer to question 4, it is thought that the jury meant to find the full facts as follows: That at the time plaintiff was on the steps for the purpose of alighting he knew that the car had passed beyond the usual and customary place for stopping cars, but he did not know or discover that the car had passed beyond the usual and customary place of stopping until he got upon the steps of the car.

[1, 2] The seventh assignment of error complains of the refusal of the court to set aside the answer of the jury to question 16 and

grant a new trial. The objection to the answer is that it is a finding against the preponderance of the evidence and contrary to the answers made to other questions. Question 16 reads:

"Was the fall sustained by plaintiff, if you find from the evidence he did fall, the result of an accident? In explanation of the above question you are instructed that by an 'accident' is meant that the fall, if any was sustained by plaintiff, resulted without negligence on the part of either the defendant or the plaintiff."

The jury answered the question: "Yes."

The conductor testified that the car came to a full stop, and he then saw the plaintiff get off the steps of the car; that plaintiff got off while the car was standing still, and he did not fall from nor off the steps while the car was moving. Willson, a passenger, testified that he was to get off at the same station, and that after the car came to a standstill he saw plaintiff going to the steps to get off the car, but did not see plaintiff as he stepped on and from the lower step. After Willson alighted he, as testified, saw plaintiff in a crouching or doubled-up position on the ground, and he asked plaintiff, "What is the matter?" and plaintiff replied that he had "fallen." Willson said that the car did not move until after both plaintiff and he had entirely reached the ground. The jury made the findings that the car was standing still, and was not being operated, while plaintiff was on the steps, that he did not sustain injuries by being thrown or jerked from the car, and that the car remained standing for a reasonable time, and until after the plaintiff had gotten off the car, and that the plaintiff fell from the car when it was standing still. It is concluded that as the record is not without evidence to support the answer complained of, and that as the answer to question 16 is not in conflict with all the findings made by the jury, this court cannot pronounce the ruling of the trial court to be error. The assignment of error only presents the contention that this particular answer to question 16 is inconsistent with other questions, and does not reach to nor raise any question that the findings of the jury as a whole were so in conflict with each other as to make them insufficient to support a judgment. The assignment of error is therefore overruled.

The tenth assignment of error, insisting that the answers of the jury to the questions propounded disclose a prejudice on the part of the jury towards plaintiff, is overruled.

The eleventh, thirteenth, and fifteenth assignments of error, respecting the instruction of the court on the burden of proof, do not, it is concluded, afford ground of reversal of the judgment.

[3, 4] The twelfth assignment predicates error in the instruction of the court upon the measure of damages. The objection to the charge that it was misleading, confusing, and prejudicial is too general to be, under the rules, considered. And the further objection that it was not proper to use words in reference to plaintiff's "right to recover" is overruled as being without injury, though the use of such words in special issues is not approved as being proper and necessary. The instruction, as material, reads:

"If, under your findings of fact in this case, plaintiff is entitled to recover, the measure of his damages will be [here follows the rule]."

[5, 6] The fourteenth assignment of error complains of the refusal of the court after request by appellant to submit to the jury for answer the questions of whether the defendant failed to have or furnish a light at Willow Grove station, and was such failure negligence proximately causing plaintiff's injury. It is concluded that the court did not err, because under the evidence in the case it was not an issue of whether or not the having or not having a light at the station was the proximate cause of appellant's falling from the car. The court should have so held, as he did, as a matter of law, under the evidence. The appellant himself testifies:

That the car stopped before he tried to get off of it; that he "got on the lower step and started to step down, but saw we were not at the station. The car overshot the station. When I discovered that, I looked around at the conductor. He was on the rear end. I heard the bell ring, and I saw I was not on the ground, and when I looked around at him, and just as I looked around at him, the car started. I had already overbalanced myself—the car starting—and that is when I fell. I had hold of the left handhold on the left-hand side with my left hand. I do not know how fast it started. It started fast enough to throw me, overbalancing me. I thought I was going to fall under the car, and I pushed myself as hard as I could to get away from the car. I would not have fallen if the car had not started, I would have gotten back on the car. * * * I had one foot on the step and was fixing to get off—one foot on the step and hold of the handhold. I saw I was not at the right place, and I started to get back on the car. * * * When the car started, I suppose I had just one foot on the step. * * * I do not know how far the car had gone after it started before my handhold broke loose from it. * * * It jerked me so hard I could not keep from falling."

It thus appears from plaintiff's own testimony that the sole cause, agency, or influence of his falling was the starting of the car and jerking his hand loose. Taking the evidence at its strongest in favor of appellant, any deficiency of light was only a remote incident, in no wise causing his falling from the car. Hilje v. Hettich, 95 Tex. 321, 67 S. W. 90.

The judgment is affirmed.