SCOTTISH RITE TEMPLE ASSOCIATION OF KANSAS CITY, MISSOURI, APPELLANT, v. CLARENCE W. LUCKSINGER, RESPONDENT.—101 S. W. (2d) 511.

Kansas City Court of Appeals.   February 1, 1937.

*I. Frank Rope* and *I. G. Kaplan* for appellant.

*Goodwin Creason* and *Harold E. Marshall* for respondent.

REYNOLDS, J.—This is a suit by the plaintiff against the defendant upon the following instrument of writing, executed by the defendant to the plaintiff, for the recovery of the amount subscribed and promised to be paid therein:

"Kansas City, Mo.

"————, 1926

"In consideration of the subscriptions made by others, and to help provide funds for the erection of a new Scottish Rite Temple in Kansas City, Missouri, I hereby subscribe and promise to pay to the Scottish Rite Temple Association of Kansas City, Mo. or order the sum of One Hundred and fifty —— Dollars —— in 12 equal quarterly installments beginning January 1st, 1927 ——.

"(Signed)          C. W. Lucksinger."

It was instituted before Louis J. Mazuch, a justice of the peace within and for Kaw township, Jackson county, Missouri, by the filing of a petition or statement on June 4, 1935. There is no written denial by the defendant of the execution of the instrument of writing verified by affidavit. In fact, the execution of the same is admitted by the defendant. He, however, makes the contention of a failure of any consideration therefor and sets up the same as a defense.

Upon the trial before said justice, the plaintiff recovered a judgment. From such judgment, the defendant prosecuted an appeal to the Circuit Court of Jackson County, where, upon a trial before the Honorable Albert A. Ridge, judge of said court, without a jury, a judgment was rendered for the defendant. From such judgment in favor of the defendant, the plaintiff prosecutes this appeal.

Upon the trial in the circuit court, the plaintiff introduced the instrument in writing sued upon and, without offering any other or further evidence, rested its case. The defendant did not offer any evidence on the trial in support of his contention that there was no consideration for such instrument; he submitted his case without the offer of any evidence whatever.

The plaintiff contends that, the defendant having failed to offer any evidence in support of his claim of a lack of consideration for the written instrument sued upon, there is no issue as to the lack of consideration in the case and that the written instrument is a direct promise to pay money at a certain time and in a specified manner and, in itself, imports a consideration and cites Section 2958, Revised Statutes 1929, in support of such contention.

Such statute is as follows:

"All instruments of writing made and signed by any person or his agent, whereby he shall promise to pay to any other, or his order, or unto bearer, any sum of money or property therein mentioned, shall import a consideration, and be due and payable as therein specified."

It has been held that such section applies equally to negotiable and nonnegotiable written promises [Trustees of Christian University v. Hoffman, 95 Mo. App. 488, 69 S. W. 474; Maxwell v. Harroun (Mo. App.), 180 S. W. 933] and that under such section, in any case in the absence of any affirmative proof to the contrary, the law will import a consideration for the promise, even though one be not recited in the writing; that, in the absence of evidence upon the point, it will be presumed that there was a sufficient consideration; and that it is for the party denying the existence of such a consideration to show that there was none. [Smith v. Ohio Millers' Mutual Fire Ins. Co., 330 Mo. 236, 49 S. W. (2d) 42, and authorities therein cited.]

It has been held that such statute is all inclusive and applies to any and all written contracts for the payment of money or property. [Smith v. Ohio Millers' Mutual Fire Ins. Co., supra.]

The phrase "import a consideration" as used in such statute means that a consideration is presumed in the absence of any evidence on the point. [Smith v. Ohio Millers' Mutual Fire Ins. Co., supra.]

The defendant contends that such statute does not apply to writings wherein a consideration is recited on the face thereof, but only to writings wherein no consideration is recited. He insists that no consideration will be imported where one is actually named in the instrument and that it is only in the absence of the recital of a consideration in the instrument that one is to be imported by the statute.

The statute is all inclusive and applies to all written instruments for the payment of money, whether a consideration be named therein or not. In instances where a consideration is stated, it imports that such consideration as stated is genuine and sufficient or that some other consideration exists therefor until the contrary is shown.

The defendant insists that, in this case, the written instrument sued upon shows upon its face that it is a mere voluntary promise to donate something in the future; that the alleged consideration therein named is not any consideration whatever under the law; that the instrument itself shows that the defendant received nothing for his promise; that the plaintiff did not suffer any loss on account of that promise; that the instrument itself, on the face thereof, furnishes the evidence of the lack of any consideration therefor and, such being the case, he is not required to furnish further evidence; and that the instrument, in itself being a mere promise to make a donation in the future without consideration, lacks legal validity and can not be enforced.

It is true that it is essential to a gift that it go into effect at once. If it regards the future, it is a mere promise and, being a promise without consideration, can not be enforced. [School District of Kan-

sas City v. Sheidley, 138 Mo. 672, 40 S. W. 656; Spencer v. Vance, 57 Mo. 427.]

That the note of a donor to a donee is not the subject of a gift is well-settled law. Such a note is but the promise of the donor to pay money in the future. The gift is not completed until the money is paid. There is no delivery of the gift but a mere promise to deliver it in the future. Such a note, treated purely as a gratuitous promise, can not be enforced, either in law or in equity. [School District of Kansas City v. Sheidley, supra; Spencer v. Vance, supra.]

However, such a gratuitous promise may be converted into a valid and enforceable contract, at least where made to a public or charitable institution or the trustees therefor for the promotion of a public or charitable purpose, if, before it is withdrawn, the promisee performs some act, expends some money, or incurs enforceable liabilities in the furtherance of such purpose in reliance on said promise. [School District of Kansas City v. Sheidley, supra; Hardin College v. Johnson, 221 Mo. App. 285, 3 S. W. (2d) 264; Koch v. Lay, 38 Mo. 147.]

There is no evidence in this case as to whether or not the plaintiff ever erected the temple or incurred any expense on account thereof (for the erection of which temple the defendant made his subscription) or whether or not it ever spent any money thereon or incurred any expense or liability on account thereof. The record is silent as to all such.

It is not shown upon the face of the instrument, as contended by the defendant, that the defendant received nothing for his subscription. Nor is it shown thereon that the plaintiff did not suffer any loss on account of the subscription not being paid. The instrument merely fails to recite any consideration to the defendant except the consideration of mutual subscriptions by others as expressed therein. It is not shown upon the face thereof that the defendant executed such instrument as a result of the solicitation of the plaintiff that he execute the same. Nor is it shown as a fact by any evidence in the case that he executed such instrument as ·a result of the plaintiff's solicitation.

The instrument itself recites that it was executed by the defendant in consideration of the subscriptions of others to the same fund for the purpose of the erection by the plaintiff of the Scottish Rite Temple. There is no evidence in the record to the contrary.

That such is a good consideration is held in New Lindell Hotel Co. v. Smith, 13 Mo. App. 7 and also in Shelby County Ry. Co. v. Crow, 137 Mo. App. 461, 119 S. W. 435; Moss v. Green, 41 Mo. 389; Steele v. Johnson, 96 Mo. App. 147, 69 S. W. 1065; Puller v. Royal Casualty Co., 271 Mo. 369, 196 S. W. 755; American & English Ency. of Law (2 Ed.), vol. 27, p. 279.

The written promise of the defendant herein is not conditioned therein on the fact that any specific amount be subscribed for the purpose contemplated by it or that a building of any certain description, size, or cost be erected or that such should be erected within a certain time; and it is therefore immaterial that no specific amount to be subscribed is stated or that no express requirement is made that plaintiff should build the temple mentioned within some specified time or that it should be of any certain dimensions and size or of any specified character or that the cost thereof should be any specific sum.

An agreement upon the part of the plaintiff to apply the funds subscribed to the purpose thereof and to erect a suitable building (for the erection of which the same was subscribed) within a reasonable time is to be implied. [60 C. J., p. 959 and authorities cited under note 84.] That such has not been done is a matter of defense to be shown by the evidence.

In Caples v. Branham, 20 Mo. 244, an instrument quite similar to the one here in question was in suit. The writing expressed an agreement upon the part of the maker to pay a certain amount for the purpose of purchasing ground and erecting a building for a high school. It was agreed that one-half the amount to be paid should be paid on June 1, 1853, following the date thereof, and the other half on April 1, 1854. There was no evidence in that case that the promisee had ever purchased the ground or constructed the building therein mentioned or had incurred expense or expended money on account thereof or had incurred any liability in connection therewith or suffered any detriment whatever on account of the subscription having been made and not paid. The instrument was held to import a consideration.

In the case of Trustees of Christian University v. Hoffman, supra, another instrument in writing quite similar to the one here in question was in suit. Such writing expressed a promise by the maker to pay the sum of $1000 in installments of $200 each to the Board of Trustees of Christian University to be added to its permanent endowment fund, the first of which installments became due four years after date and the others one each year after said date. It was held to import a consideration under the statute in question.

There was also evidence in the case that the Board of Trustees of the university had incurred liabilities and expended money on the improvement of its property and had conducted a school in reliance on the promise of the defendant and the promises of others similar thereto, and the court held therein that such facts furnished a consideration to support the original agreement.

In the case of Hardin College v. Johnson, supra, the consolidated suits were upon written subscriptions made by several defendants for the benefit of Hardin College, an educational institution for

young women, located at Mexico, Missouri. The writings were in the form of notes whereby the maker of each promised for value received, in consideration of his interest in the welfare of Hardin College, to pay the amount subscribed to the treasurer of that college in five equal annual installments, the first to become due January 1 following the date of the instrument. It was held in that case that the instruments sued on imported considerations. There was evidence to the effect that obligations had been created by the college on faith in the subscriptions, and it was held that such facts furnished considerations to support the original agreements. The defendants were held liable. It is stated in the opinion in such case to be a general rule of law closely adhered to in this State that, where subscriptions for charitable objects are made upon faith in which the promisee performs some act, expends some money, or incurs some liability in furtherance of the enterprise before such subscriptions have been withdrawn, they become valid and binding, notwithstanding that, in the first instance, they may have partaken of the nature of gifts.

It follows from what has been said that the trial court proceeded on the wrong theory in reaching its conclusions and in rendering the judgment appealed from and in refusing the plaintiff's declaration of law No. 1 and in giving defendant's declaration of law A.

The judgment of the trial court is reversed; and the cause is remanded with directions that, upon a re-trial, the court proceed in conformity with the views herein expressed. All concur.