In the ESTATE OF Virginia
BUCHANAN, Deceased.

HANNIBAL LaGRANGE COLLEGE,
Appellant,

v.

April LANGWELL, Personal
Representative,
Respondent.

No. 61812.

Missouri Court of Appeals,
Eastern District,
Northern Division.

Nov. 17, 1992.

Mary L. Rhodes, Hannibal, for appellant.

Branson L. Wood, III, Palmyra, for respondent.

CRIST, Judge.

Hannibal LaGrange College (College) appeals from an order of the associate division of the circuit court of Marion County denying its claim against the Estate of Virginia Buchanan (Estate). We affirm.

On review, we will reverse the judgment only if it is not supported by substantial evidence, is against the weight of the evidence, or the trial court erroneously declared or applied the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo.banc 1976).

The facts are as follow. Virginia Buchanan (Decedent) was a member of the Board of Trustees and served on the Executive Committee of Trustees for College. In 1989 or 1990, College began the "Fulfilling a Vision" campaign to solicit funds for a new sports complex. In 1990, Decedent signed a pledge card indicating her pledge of $50,000 over five years to the campaign. On the back of the pledge card appeared the statement, "It is understood that this pledge may be changed at the donor's re-

quest." Decedent paid $10,000 of her pledge in 1990.

Prospective pledgers and also officials at a bank from which College was attempting to secure a loan were told the total amount of money which had been pledged during the campaign; this amount included Decedent's pledge. In addition, College made commitments to an architectural firm and a construction firm and began constructing the sports complex.

Decedent died in April 1991. Her personal representative canceled the rest of her pledge. There was no evidence that any other pledges were lost, or any other damages occurred as a result of this cancellation. College sued. The trial court denied College's claim based on the language of the pledge agreement.

█ In its first point, College alleges the trial court erred in denying its claim because College changed its position by incurring obligations in reliance on the pledge. It asserts a subscription to a charitable organization is an offer to contract which becomes irrevocable and enforceable if the promisee performs some act or incurs enforceable liabilities in reliance on such promise.

College relies on *Missouri Wesleyan College v. Shulte*, 346 Mo. 628, 142 S.W.2d 644 (1940), and *Scottish Rite Temple Association of Kansas City v. Lucksinger*, 231 Mo.App. 486, 101 S.W.2d 511 (1937). College's reliance is misplaced. *Wesleyan* and *Scottish Rite* did not involve pledges subject to change at any time.

In our case, Decedent, in effect, retained the power to cancel her promise. The trial court based its decision on *In re Estate of Bacheller*, 437 S.W.2d 132 (Mo.App.1968). The *Bacheller* court said

> [an] unlimited right to change or cancel [a] pledge would prevent it from becoming a binding contract and thus, under no circumstances could it properly constitute a claim against the estate.

*Id.* at 137.

*Bacheller* is consonant with general principles of contract law. By retaining a right

to cancel her promise, Decedent, in reality, "promised nothing; therefore, [her] promise was an 'illusory promise,' neither enforceable against [Decedent], nor operative as consideration...." *Fenberg v. Goggin*, 800 S.W.2d 132, 136 (Mo.App.1990).

█ To the extent decedent performed her promise—that is, paid a portion of her pledge—she supplied consideration to make her promise binding. *See Cooper v. Jensen*, 448 S.W.2d 308, 314 (Mo.App.1969); § 431.020, RSMo 1986 (signed written instruments for the promise to pay money or property import consideration). However, her promise is illusory to the extent it remained executory. *Cooper*, 448 S.W.2d at 316. Point denied.

█ In College's second point, it contends a subscription for a specific purpose, unlike a subscription for a general purpose, is not revocable despite language to that effect on a pledge card. College cites *Bacheller*, 437 S.W.2d 132. That case involved a pledge for both general operating funds and a specific purpose. There was no appeal from the lower court ruling on the pledge for the specific purpose, and thus no ruling on the matter on appeal. The language on which College relies is taken out of context and is dicta. Point denied.

█ In its third point, College disputes the trial court's conclusion, "the Personal Representative of [Estate] was lawfully bound to modify the Pledge Agreement and could not lawfully consent to the claim." We need not consider the validity of the trial court's conclusion. The trial court judgment is to be upheld under any reasonable theory presented and supported by evidence. *McKnight v. McKnight*, 638 S.W.2d 789, 790 (Mo.App.1982). Point denied.

The judgment of the trial court is affirmed.

KAROHL, C.J., and CRANE, J., concur.