## CORNELIA J. STEELE, Appellant, v. JAMES BROOKS JOHNSON, Respondent.

St. Louis Court of Appeals, August 6, 1902.

1. **Promissory Note:** MAKER OF NOTE: LIABILITY OF: ASSUMPTION OF DEBT BY GRANTEE IN DEED: HOLDER OF NOTE: CONTRACT EXTENDING TIME OF PAYMENT OF NOTE: CONSENT OF DEBTOR, WHEN NECESSARY. In a suit against the maker of a note, secured by mortgage on land, it appeared that the land had been transferred later by deed wherein the grantee assumed said debt, and that the holder of the note had made a contract with the grantee extending the time of the loan for a fixed period without consent of the original debtor. *Held,* that the

Steele v. Johnson.

latter was discharged of liability on the note (following Pratt v. Conway, 148 Mo. 291).

2. **Surety, Discharge of:** DEBTOR AND CREDITOR: ACCEPTANCE OF INTEREST NOTES BY CREDITOR, EFFECT OF: LOAN: OBLIGATION. A surety is not discharged upon mere indulgence to the debtor by the creditor or even by a barren promise of the latter to extend the time; but where the creditor accepts new interest notes for fixed periods, on a mutual agreement to extend the loan accordingly, an obligation arises which will release a nonassenting surety.

3. **Mortgage:** EQUITY OF REDEMPTION: CONSIDERATION FOR CONTRACT: Where one purchases land and assumes a mortgage thereon, the equity of redemption is a consideration for the contract to pay the mortgage debt.

4. **Promise:** CONSIDERATION: CONTRACT. A promise is a valuable consideration for another promise.

5. **Practice, Trial:** PRACTICE, APPELLATE: EXCEPTION. Parties are bound on appeal by the positions they voluntarily take in the trial court; and no matter of exception can be successfully urged on appeal unless expressly raised in the trial court.

6. **Practice, Trial:** SPECIAL FINDINGS: EXCEPTIONS TO FINDING: APPEAL: STATUTORY CONSTRUCTION. When a party requests special findings under section 695 (R. S. 1899), he concedes that the case is a proper one for such findings; and where no exception is taken to any finding, the sufficiency of the evidence to support it can not properly be questioned on appeal.

7. **Practice, Appellate:** CONCLUSIONS OF LAW: TRIAL COURT: REVIEW. The conclusions of law of the trial court are open for review without any exception. If the facts found by the court do not warrant the judgment the latter should be reversed.

Appeal from St. Louis City Circuit Court.—*Hon. Selden P. Spencer,* Judge.

AFFIRMED.

*Myron Westover* for appellants.

(1)   The acceptance by a grantee of a deed containing a clause by which he assumes and agrees to pay the mortgage debt of his grantor, makes him personally liable for the payment of the debt as the principal obligor, and the liability of the mortgagor becomes that of a surety; and all the doctrines governing principals and sureties apply to them according to the decisions cited

below.   Pratt v. Conway, 148 Mo. 291; Nelson v. Brown,
140 Mo. 580; Wayman v. Jones, 58 Mo. App. 313.    (2)
The surety is not discharged by an extension of the
time of payment, unless the extension is made in pur-
suance of a valid agreement with the principal to ex-
tend for a definite length of time, with actual knowledge
of the fact that the person dealt with is a principal and
has a surety to be affected by the agreement; all with-
out the knowledge or consent of the surety.   Nelson v.
Brown, 140 Mo. 580; Pratt v. Conway, 148 Mo. 291;
Brandt on Suretyship and Guaranty (2 Ed.), sec. 375;
Owen v. Bray, 80 Mo. App. 526.    (3)   To effect the
novation of a debt three parties must agree; the credi-
tor must agree to release the debtor and accept in his
stead a third person as debtor, who must agree to pay
the debt.   Brown v. Kirk, 20 Mo. App. 524; Brown v.
Cory, 74 Mo. App. 462; Newman v. Newman, 152 Mo.
412.    (4)   To effect the discharge of the surety, the
facts upon which he relies for relief must be pleaded
and proven.   Pratt v. Conway, 148 Mo. 291.

O. J. Mudd for respondent.

(1)   The evidence warrants the finding of the
court that Bredell, the legal holder of the notes in suit,
had notice that Johnson was only a surety.   The deed
from Johnson to Merritt, in which Merritt assumed and
agreed to pay the debt, was recorded.   Bredell there-
after dealt with Merritt as owner of the property; col-
lected interest notes for him; released a part of the
property to him, and in the deed of release to him ex-
pressly refers to defendant's deed to him, and recites
that Merritt had become the owner of the property.
Nelson v. Brown, 140 Mo. 580; Pratt v. Conway, 148
Mo. 291.    (2)   The record of the deed to Merritt, with
the claim reciting the assumption of the mortgage debt
by the grantee, was sufficient notice to the holder of the
note of the altered relation of defendant from a primary

debtor to a surety.  Nelson v. Brown, supra; Pratt v.
Conway, supra.  (3)   The extensions were supported
by a sufficient consideration.  ·Clarkson v. Greeley, 35
Mo. 95; Walters v. Swallow, 6 Whar. (Pa.) 446; Bank
v. Wood, 6 Mo. App. 214.  (4)   And operated to re-
lease defendant Johnson.   Nelson v. Brown, supra;
Pratt v. Conway, supra; Bank v. Wood, supra.   (5)
Plaintiff purchasing the notes after maturity stands in
Bredell's shoes and can get no better title than Bredell
had.    English v. Seibert, 49 Mo. App. 567; Wayman v.
Jones, 58 Mo. App. 319; Hagerman v. Sutton, 91 Mo.
530; Tydings v. Pitcher, 82 Mo. 385. (6) The finding
of facts made by the court will be presumed to be sup-
ported by the testimony, and the burden is on appel-
lant to show that there was no evidence to support it.

BARCLAY, J.—This action is upon a promissory
note executed by defendant, June 27, 1893, to George
L. Edwards or order, for $4,000, payable three years
after its date, with interest at eight per cent per annum
after maturity.

The petition (after describing the note) charges
that the payee indorsed the note in blank, without re-
course, to Edward Bredell.   The latter afterwards died.
His executors assigned the note to plaintiffs for a valua-
ble consideration.

Plaintiffs admit having received interest upon the
note to May 4, 1901, and $628.21 on account of the prin-
cipal, leaving the balance claimed the sum of $3,371.79,
for which judgment is asked.

Defendant admits the execution of the note and
plaintiffs' title thereto, but sets up as a defense the
facts that the note was secured on real estate by a deed
of trust executed by defendant and his wife; that he
afterwards sold the real estate to Mr. Merritt, who as-
sumed the payment of the note as a part of the purchase
price of the property; that thereafter Mr. Merritt sold
and conveyed the property to Mr. Ellis subject to the

deed of trust, and that a valid agreement was then made between plaintiffs and Mr. Ellis and Mr. Merritt for an extension of time of the payment of the note without the consent of defendant, thus releasing him from liability. Other defenses are outlined in the answer, but it will not be necessary to allude to them further.

The plaintiffs by reply denied the new matter in the answer.

The cause came on for trial in the circuit court, and a jury was duly impaneled. The trial court held that the defendant bore the burden of proof. After defendant's counsel had made an opening statement, it was agreed to dispense with the jury and the following agreement was made by the parties with a view to shortening the proceedings:

"It is agreed that all the principal issues are practically questions of law; and it is agreed further that the jury be waived and the case submitted to the court. (The jury at this point was dismissed by the court, and the case proceeded to trial before the court.)

"It is agreed that Mr. Johnson was the owner of the property at the time when he signed and made the note.

"It is agreed that Mr. Johnson subsequent to the making of the note and securing it by a deed of trust conveyed the property to Merritt.

"It is agreed that in said deed Mr. Merritt agreed to pay the note which Mr. Johnson had made, or to assume the mortgage indebtedness.

"It is agreed as a matter of law that by said fact Mr. Johnson became a surety and not the principal debtor.

"It is agreed that thereafter Mr. Merritt conveyed the said property to Mr. Ellis, subject to the Johnson deed of trust, and subject to the deed of trust which Mr. Merritt had put upon said property.

"It is agreed that while Mr. Bredell was the owner of the note in question, and while Mr. Merritt was the

owner of the property, a part of the property mentioned in the deed of trust securing the note was released by the consent of Mr. Bredell, the holder of the note and the trustee in the deed of trust and Mr. Merritt, the owner of the fee.

"It is agreed that one of the questions in the case is as to whether said Johnson consented to the said release.

"It is agreed that another question in the case is as to whether by said partial release the surety was discharged."

The evidence in the cause was then heard. The plaintiffs filed a formal request to the court to "state its conclusions of fact separately from its conclusions of law in the said cause." In due course the circuit court found in favor of defendant, having first made a number of specific findings of fact upon which judgment was entered.

No exception was taken to any of the findings of fact.

The entire history of the case is fully stated in the findings as follows:

"The facts in this case as I find them to be are as follows:

"The defendant, James Brooks Johnson, on June 27, 1893, gave his deed of trust (in which his wife joined) conveying property which may be termed the 'Glades' property, to secure the payment of a principal note for $4,000 due three years after June 27, 1893, and semiannual interest notes.

"These notes, together with the deed of trust securing them, almost immediately passed into the hands of Edward Bredell.

"On January 13, 1894, James Brooks Johnson and his wife, conveyed the said property to Thomas J. Merritt, subject to the said deed of trust and the notes secured thereby, the payment of which was specifically

assumed by Merritt who thereafter paid the interest notes to Bredell until the maturity of the loan.

"On the eighteenth of September, 1894, Bredell released to Thomas J. Merritt certain parts of the property known as the 'Glades' and in such release referred specifically to the deed from James Brooks Johnson to Thomas J. Merritt, and as a matter of fact was aware of the deed from Johnson to Merritt, and of the condition therein contained, and knew that Merritt had assumed the payment of the Johnson debt. It was from Merritt that Bredell received the interest on the debt subsequent to January 13, 1894.

"After the maturity of the note, Merritt sold the property known as the 'Glades' to Ellis. On this sale, it was a condition that the $4,000 note should be extended for a period of three years. This extension was equally for the benefit of Merritt as for the benefit of Ellis, because without it the sale from Merritt to Ellis would not have taken place.

"Somewhere about the first of October, 1896, the plaintiff in this case purchased the note of $4,000 from Bredell, after its maturity, and the negotiations for the extension of the loan for three years from the time of its maturity, viz., July 27, 1896, was conducted with the plaintiff in this case through her agent Delos R. Haynes, who was in all things authorized to represent her, and whose actions are for the purpose of this suit to be regarded as the action of the plaintiff.

"In furtherance of this extension for three years, Ellis gave his interest notes to the plaintiff, which were accepted by plaintiff and were collected by plaintiff from Ellis from time to time as they became due; and the extension was indorsed on the back of the principal note.

"At the end of three years, viz., on June 27, 1899, while the plaintiff was still the holder of the note, and while Ellis was still the owner of the property, a further

extension of three years was made by the plaintiff to Ellis.

"At the time of the release by Edward Bredell and the trustee on September 18, 1894, the property remaining as security for the principal note was ample to cover it, and the release was made with the knowledge of Mr. Johnson.

"On May 14, 1891, the property was sold out under the deed of trust, and did not bring sufficient to pay the principal note and the accrued interest; for this difference the plaintiff is now suing James Brooks Johnson.

"It is conceded that when, on January 18, 1894, Johnson and his wife conveyed the property to Merritt who assumed the payment of the $4,000 note, he (Johnson) became a surety for the payment of the principal sum, and that Merritt became the principal debtor. Of the changed relationship, Bredell, the holder of the notes, had full knowledge, and accepted Merritt as principal debtor.

"It is quite clear that if Bredell, with full knowledge of the fact that Johnson had become surety and that Merritt was the principal debtor, extended the time of payment without the consent of the surety, that the surety, would thereby be released; and if any action were brought against the surety by Bredell, it would be a sufficient answer for the surety to show that the extension of time had been granted to the principal within which to pay the note and without the surety's consent.

"Is the surety deprived of this defense when the extension of time had been granted by the holder of the note who took it from Bredell after maturity? I think not.

"When the plaintiff in this case bought the note from Bredell in October, 1896—sometime after its maturity—she became subject to any action which might thereafter be brought against Johnson to any defense

which Johnson might have had against Bredell had he continued the owner of the notes.

"Therefore, when plaintiff extended the time of payment for three years, until June 27, 1899, for the benefit both of the principal debtor (Merritt) and of his grantee (Ellis), the surety was thereby discharged from his liability. The same result followed from the extension for three years from June 27, 1899, to June 27, 1902.

"I am, moreover, satisfied of the fact that both of these extensions which were made by Delos R. Haynes acting for the plaintiff, were made with knowledge on his part of the fact that Johnson was no longer the owner of the property and that others had for many months been paying the interest on the notes. He knew that Ellis was then the owner of the property; in fact, the original purchase of the note by the plaintiff was made by her agent, Haynes, through the agent of Mr. Ellis, and the plaintiff then accepted the notes of Ellis as the interest notes upon the principal debt, and collected them for the time of the first extension, and thereafter made a subsequent extension of three years to Ellis and accepted his interest notes thereunder. All of which are inconsistent with liability on the part of Johnson for the payment of the debt.

"For these reasons, the judgment will be for the defendant."

After the findings and conclusions of the law were announced and entered of record, plaintiffs filed a motion for new trial, assigning as error that the findings were against the evidence, against the weight of the evidence, etc., including all points relied upon and discussed on this appeal.

After that motion was overruled, plaintiffs appealed in the usual manner.

1. Some important contentions are advanced on this appeal which are based on deductions from the evidence which has been fully presented; but our range

of inquiry into that field is limited.   The issues of law and fact were tried by the court.   Before the cause was taken as submitted the plaintiffs requested the court to state in writing the conclusions of fact found, separately from the conclusions of law, under section 695 (R. S. 1899).   The court accordingly did so.   By requesting special findings, as permitted by the section of the code last cited, appellants should be taken to concede that the case is a proper one for that procedure. Parties are usually held bound on appeal by the positions they voluntarily assume in the trial court.

No exception was taken to the conclusions or findings of facts so made.   In that state of the record an appellate court can not properly examine the testimony to determine whether any of the findings was unwarranted by the evidence.   Loewen v. Forsee, 137 Mo. 38; Freeman v. Hemenway, 75 Mo. App. (K. C.) 617; Leith v. Steamboat, 16 Mo. 181; 8 Ency. Pl. and Pr., 273-275.

Concerning matters which are the subject of exception, our law provides that no exceptions shall be taken on appeal save those expressly decided by the trial court.   R. S. 1899, sec. 864.

As no exception was taken to any of the findings of fact, it is not permitted to this court to review them to discover any insufficiency in the evidence behind them.

2.   But the conclusion of law recorded in the trial court is open to review without any formal exception. Blount v. Spratt, 113 Mo. 48; Land Co. v. Bretz, 125 Mo. 418; Lilly v. Menke, 126 Mo. 190.   If, therefore, facts have been found by the court which show that the resulting judgment was unwarranted upon any ground properly assigned for review, a reversal should follow.

3.   The leading proposition of law in the case is stated by the learned counsel for appellants in language which we repeat as a terse and accurate summary of the existing doctrine in Missouri, established by authority which is binding on this court (Const. Amendt. 1884, sec. 6).

"The acceptance by a grantee of a deed, containing a clause by which he assumes and agrees to pay the mortgage debt of his grantor, makes him personally liable for the payment of the debt, as the principal obligor, and the liability of the mortgagor becomes that of a surety; and all the doctrines governing principals and sureties apply to them according to the decisions cited below. Pratt v. Conway, 148 Mo. 291; Nelson v. Brown, 140 Mo. 580; Wayman v. Jones, 58 Mo. App. 313.

Applying the foregoing rule of law, it is evident that, when plaintiffs bought the note in suit in October, 1896, shortly after its maturity, Mr. Merritt, who had expressly assumed payment thereof by his duly recorded deed of purchase of the land from defendant in 1894, was the principal debtor and defendant surety. Negotiations for a trade of lands between Messrs. Merritt and Ellis came to a focus not long after plaintiffs acquired the note.

The trial court found that the agent, who represented plaintiffs in the purchase of the note from the Bredell estate and in the negotiations with Messrs. Merritt and Ellis for the extension of the note, was aware that defendant was no longer the owner of the land charged with the lien, and that others had been paying the interest for many months. The facts that the extension of time was found to have been finally made for the benefit of Messrs. Merritt and Ellis, and specifically that the extension was granted to Mr. Ellis, together with the finding that a release by Mr. Bredell (as holder of the note) and by the trustee of part of the mortgaged land had been made in 1894, in favor of the same Mr. Merritt (which release referred by book and page of the records to Mr. Merritt's assumption of payment of this note) leaves no room to doubt that plaintiff's agent was fully aware of the facts which put Mr. Merritt into the position of primary debtor in the outstanding loan, and which put Mr. Ellis into that position at the time of the transfer of the land to him.

The facts aforesaid as found by the trial court were

supplemented by the finding that the agent of plaintiffs who conducted the negotiations were fully authorized in the premises so that his acts were in effect those of his principals.    There is no testimony to indicate that defendant in any manner assented to the extension of time.

It must therefore be held that when the extension of time of payment of the note took place, in 1896, plaintiffs were charged with notice of the relations of Messrs. Merritt, Ellis and the defendant to the real estate securing the note and to the debt represented by the note.

5.   We are now to meet the contention of appellants that the extension of time was invalid to release defendant as surety, for want of a valuable consideration to support it.

Mere indulgence or even a promise to extend the time would not of itself discharge the surety.   A contract valid and complete in all its essentials was requisite to accomplish that result.

Here the extension of time was granted by plaintiffs to Mr. Ellis for three years from the maturity of the note, June 27, 1896. A written memorandum to that effect was indorsed on the note, and Mr. Ellis executed to plaintiffs separate interest notes (maturing every six months during the extended time) for the agreed interest.   These were all duly paid, and then a further extension for a like period took place in a substantially similar manner.   The first extension was the result of an arrangement by which Mr. Ellis agreed to take the land from Mr. Merritt if the extension, as described, should be allowed by plaintiffs.   It was accordingly granted by them.   The trial court found that the extension was for the benefit of both Mr. Merritt and Mr. Ellis.

The question of consideration, as an element of any transaction which becomes the subject of judicial inquiry, should be determined with due regard to the true

Steele v. Johnson.

relation thereto of the party with respect of whom the question arises. Here the problem is whether or not the facts disclose a valuable consideration moving to the plaintiffs, for such a consideration is essential to infuse the sanction of legal obligation into their admitted promise to extend for three years, in favor of Mr. Ellis, the time for payment of this note.

One feature of the transaction is quite distinct. Mr. Ellis became bound by its terms to pay the interest which he would not otherwise have been bound to pay. Janis v. Roentgen, 59 Mo. App. (St. L.) 75. He acquired the equity of Mr. Merritt in the land. That was a valuable consideration to support his promise. Kratz v. Stocke, 42 Mo. 351; Herd v. Tuohy, 133 Cal. 55. On the other hand, his new promise (expressed by the interest notes) to pay the interest therein mentioned was a valuable consideration for the agreement by plaintiffs to extend the time for payment for the first three years. Mut. Life Ins. Co. v. Hall, 31 App. Div. 574, affirmed 166 N. Y. 595. By the established principles of the law of contract in Missouri one valid promise is held a consideration for another. Byrd v. Fox, 8 Mo. 574; Moss v. Green, 41 Mo. 389; 6 Am. and Eng. Ency. Law (2 Ed.), 727.

The new obligation assumed by Mr. Ellis in 1896, and accepted by plaintiffs was a valuable consideration for the extension of time for the payment of the note. Its effect was to release the surety, according to the rule of law conceded to prevail in this State and defined in the third paragraph of this opinion. The learned circuit judge so held.

The judgment is affirmed. *Bland, P. J.,* and *Goode, J.,* concur.