KATE FINNERTY v. JOHN S. BLAKE & BROTHER REALTY COMPANY, EDWARD W. FORISTEL and THOMAS FINNERTY, Appellants.

Division Two, December 23, 1918.

1. **MORTGAGE: Validity: No Existing Debt.** A conveyance of real property by a mortgage, or a deed of trust in the nature of a mortgage, can only be effective as such when made to secure a pre-existing, then-created, or after-arising obligation, or the performance of some duty entailing a pecuniary liability.

2. ———: **To Secure Note of One of Grantors.** Where notes were signed by a husband alone, and the deed of trust to secure them was signed by both husband and wife and recited that both were indebted to the payee in the sums named in the notes, and the payee indorsed the notes in blank without recourse and without any money being paid, turned them over to the husband, who on the day of their maturity indorsed thereon an extension and after they were again indorsed without recourse by the payee sold them to third parties, the deed of trust was not effectual to convey the wife's interest in the land, because she was not indebted to the payee, there was no existing debt, and the general language of the deed of trust which purported to transfer her interest to the trustee was ineffectual to create a debt.

3. ———: ———: **Intention to Sign Note: Parol Evidence to Explain.** Parol proof to show that a note in evidence is the same as that described in a deed of trust, despite a marked variance between the original and its description, is admissible to remove uncertainties in the note as described, but not to reform the note and make a different contract, or to change a note correctly described in the conveyance as to the name of the maker into a note intended to be signed by his wife.

Appeal from St. Louis City Circuit Court.—*Hon. Leo S. Rassieur,* Judge.

AFFIRMED.

*Frank H. Haskins* for appellants.

(1) In the case of variance between the note produced and the note described in the deed of trust it is competent to show by parol evidence that the note produced is the one intended to be secured. Moore v. Russell, 133 Cal. 297; Volmer v. Stagemann, 25 Minn. 234; Williams v. Hilton, 35 Me. 547; Johns v. Church, 12 Pick. 557; McFadden v. State, 82 Ind. 558; Lee v. Fletcher, 46 Minn. 49; Thompson v. Cobb, 95 Tex. 140; St. Lawrence v. Farmer, 66 N. Y. Supp. 584; Baxter v. McIntyre, 13 Gray, 168; Tousley v. Tousley, 5 Ohio St. 78.   (2) A wife who mortgages her property for a debt of her husband is a principal debtor and not a surety; therefore an extension of the note, even if made by a valid contract and for valuable consideration, will not release her property from liability under the mortgage. Phil. Savings Fund v. Lasher, 144 Ill. App. 653; Alexander v. Bouton, 55 Cal. 15.   (3) Even if plaintiff, Kate Finnerty, was in reality only a surety as between herself and her husband, yet, as to defendant she was a principal by reason of her recitals in the mortgage signed by her, that she and Thomas Finnerty were "justly indebted to the party of the third part for borrowed money in the sum of six thousand dollars." And she is now estopped to deny that she was a principal or to claim that the debt was for the sole benefit of her husband. McMillan v. Parkell, 64 Mo. 286; California National Bank v. Ginty, 108 Cal. 148; Picot v. Signiago, 22 Mo. 587; Brown v. Ligon, 92 Fed. 851; Sprigg v. Bank, 10 Peters, 257; Menaugh v. Chandler, 89 Ind. 94; Long v. Crosson, 119 Ind. 3; Reed v. Cramb, 22 Ill. App. 40.

*T. J. Rowe* for respondent.

(1) A mortgage of a wife's land which is void as to the wife, is void also as to the husband. Wannall v. Kem, 51 Mo. 150. (2) "A mortgage cannot spring up without an existing debt, enforceable at law, to which the mortgage becomes a security. Under this rule the debt must first be sought out as substance, the tree trunk; the mortgage becomes an incident to that substance, the shadow to that trunk. There must, then, be found a mortgage in contemplation of law. So that, to the maxim, once a mortgage, always a mortgage, there must be added another, viz., no debt, no mortgage." Donovan v. Boeck, 217 Mo. 87. Citing: Conway's Executors v. Alexander, 7 Cranch, 218; Desloge v. Ranger, 7 Mo. 327; Slowey v. McMurray, 27 Mo. 113; Turner v. Kerr, 44 Mo. 429; Bobb v. Wolff, 148 Mo. 335; Dunaway v. Day, 163 Mo. 415; Bailey v. St. Louis Union Trust Co., 188 Mo. 486; Powell v. Crow, 204 Mo. 481. There can be no deed of trust if there is no debt. The evidence in this case establishes the fact that there was no debt such as is described in the deed of trust, or any other kind, and that therefore there can be no valid deed of trust. (3) The debt intended to be secured by the deed of trust must be described in the deed of trust or the party to the deed of trust must be able, by parol evidence, to prove a debt which the parties at the time intended to secure by the deed of trust, and no such debt as the indebtedness evidenced by Thomas Finnerty's individual note for $6000, dated April 1, 1908, is described in the deed of trust, and there was no proof at the trial of the case that the deed of trust was intended to secure any indebtedness of Thomas Finnerty; and there being in fact no debt, the deed of trust itself became void.

WALKER, P. J.—This case, upon its submission, was regularly assigned to Commissioner Roy, but an opinion therein was not prepared by him on account of illness.

This is an action in equity brought by the respondent to enjoin the sale of certain real property in the city of St. Louis, under a deed of trust executed by the respondent and her husband, Thomas Finnerty.

A temporary injunction was granted by the trial court, which upon a hearing was made perpetual, enjoining appellants from selling the right, title and interest of respondent in the real estate described, and decreeing the deed of trust null and void as against her interest.

The property in question was conveyed on February 10, 1908, by John Finnerty and wife to Thomas Finnerty and wife. On April 1, 1908, Thomas Finnerty and the respondent, his wife, executed a deed of trust on the property to Gustave Dammert, trustee, party of the second part and Lillie Willemsen, party of the third part, to secure a note for six thousand dollars, dated April 1, 1908, payable to the order of Lillie Willemsen three years after date, together with six interest notes for one hundred and fifty dollars, each payable respectively in 6, 12, 18, 24, 30 and 36 months after date. There was no consideration for these notes. The deed of trust was signed by Thomas Finnerty and Kate Finnerty; the notes were signed by Thomas Finnerty alone. The deed of trust in describing the notes recites that Thomas Finnerty and Kate Finnerty were indebted to the payee in the note in the sum of six thousand dollars for borrowed money. Upon the deed of trust and notes being executed, and the latter endorsed in blank, without recourse, by Lillie Willemsen, they were turned over to Thomas Finnerty. He had the deed of trust duly recorded. Thereafter, the notes and deed of trust continued in his manual possession, and under his legal control, until the maturity of the notes, in April, 1911, when he caused an extension to be written upon the back of the principal note for five years from April 1, 1911, provided ten interest notes, each for one hundred and fifty dollars executed by him and payable to the order of Lillie Willemsen every successive six months thereafter, were

paid when due. These extension interest notes were also endorsed in blank by Lillie Willemsen without recourse, and returned to Thomas Finnerty, and, with the principal note and deed of trust, continued in his possession and under his control until October 16, 1911, when he purchased from one J. N. Crebs a saloon and contents, including the leasehold on the corner of Ninth and Locust Streets, City of St. Louis, for the sum of six thousand dollars paying for it in monthly notes of one hundred and twenty-five dollars each, signed by Thomas Finnerty and payable to the order of J. N. Crebs. To secure these monthly notes, Thomas Finnerty pledged to Crebs, as collateral, the six-thousand-dollar Willemsen note and the deed of trust securing the payment of said note, and executed to Crebs an agreement, authorizing him, upon default in the payment of any of the monthly notes, to sell the collateral, either with or without notice.

Thomas Finnerty, thereupon, took possession of the saloon, operated it, and paid a number of the monthly notes as they became due. Crebs thereafter sold the unpaid notes to appellant John S. Blake & Brother Realty Company (hereinafter designated as Blake & Brother) for approximately their full value, to-wit, about four thousand dollars, and transferred to them the Willemsen six-thousand-dollar note and deed of trust and the contract pledging same to secure the payment of the unpaid monthly notes.

In March, 1913, after the transfer to Blake & Brother, Thomas Finnerty defaulted in the payment of the monthly notes; and upon written notice to him of their intention, in accordance with the terms of the pledge agreement, Blake & Brother advertised and sold at public sale the six-thousand-dollar note and deed of trust, and at said sale became the purchasers of same for the sum of twenty-five hundred dollars.

On November 28, 1913, the trustee, Gustave Dammert, having refused to further act as such, appellant Edward W. Foristel was by the circuit court appointed as his successor, and proceeded to advertise

for sale the real estate described in the deed of trust which purported to secure the payment of the Willemsen $6000 note.

Respondent, Kate Finnerty, thereupon brought this action in the circuit court of the city of St. Louis, asking that the appellants herein be enjoined from selling her interest in the property described in the deed of trust, and that the same be decreed to be null and void, with the result before stated.

Other than as indicated by the language of the deed of trust, there is no evidence that respondent had any knowledge of the making of the $6000 note by her husband to Lillie Willemsen, or of any of the subsequent transactions which culminated in the transfer of the note and deed of trust to Crebs. Thomas Finnerty testified that he never discussed the matter with his wife as to the making of the Willemsen note, its extension, or the subsequent pledging of same to Crebs. Out of these facts arise the diverse contentions of the parties. They are acute and may be briefly stated.

Appellants contend that the Willemsen note signed by Thomas Finnerty alone was intended to be signed by the respondent as well. First, because of the purpose for the making of the instrument, indicated by its terms; second, because of its employment in the note of the personal pronoun "we," preceding the promise to pay; third, the description of the note in the deed of trust as the undertaking of Thomas Finnerty and Kate Finnerty; and fourth, the conveyance of their land jointly owned to secure the payment of the note.

Respondent's contentions are, first, that she executed the deed of trust at the request of her husband to assist him at that time in engaging in business; second, that there was no debt then created or preexisting, the payment of which the deed was given to secure; and, third, that she neither made nor intended to make a note at that time; and that she had no knowledge of the extension of the time of payment of the notes by her husband and of their having been pledged by him three years later with the deed of trust to secure

the payment of the obligations incurred by him in the purchase of the saloon from Crebs.

A conveyance of real property by a mortgage or deed of trust in the nature of a mortgage, can only be effective as such when made to secure a pre-existing, then created or after-arising obligation, or the performance of some duty entailing a pecuniary liability. Absent, therefore, the existence of a debt and the necessary consequent relation of debtor and creditor between the grantor and the grantee there can be no mortgage or deed of trust. [Sheppard v. Wagner, 240 Mo. 1. c. 433.] The deed of trust in controversy, while possessing all of the formal requisites of a conveyance to secure the payment of what purported to be the joint debt of the respondent and Thomas Finnerty, discloses that the note was the obligation of Thomas Finnerty alone. Therefore, whatever binding force the conveyance had in securing the payment of the debt evidenced by the note, was limited to his interest in the real estate described and not to that of the respondent. This, because it was not her debt; the general language of the conveyance which purported to transfer her interest to the trustee was ineffectual to create a debt in being based upon no consideration. This conclusion finds its support in the assumption that the note was correctly described, as to the name of the maker, in the conveyance. This assumption became an established fact upon the production in evidence of the original note showing it to have been signed by Thomas Finnerty alone. In the presence of this affirmative showing, and the absence of any evidence of the creation, or of a purpose of the respondent, to create a present or future liability, the appellants were not authorized merely by reason of the language of the deed of trust and its formal execution by the respondent, in attempting to subject her interest in the real property to sale to satisfy the note.

We have no fault to find with the correctness of the rule announced in the cases cited by appellants as to the admissibility of parol proof to show that a note

produced in evidence is the same as that described in a mortgage or deed of trust, despite a marked variance between the original and its description. All of these cases, and their name is legion, go to the removal of uncertainties in notes as described and not to the reforming of originals, which is a necessary consequence flowing from appellants' contention in the case at bar. The admission of evidence of the character authorized by these cases well comports with a fair administration of justice in assisting in determining the intention of the parties and thus correctly fixing the limit of liability. But the courts have gone no further.

Pecuniary liabilities of litigants can not be determined upon assumptions, but must be supported by facts. To sustain appellants' contention, it is not only necessary to assume, in the absence of any evidence to that effect, that it was the intention of respondent jointly with her husband to make the note, but as a consequence of this assumption that a debt was created, for which there appears to have been no consideration. No case has ever gone to this extent.

The judgment of the trial court is, therefore, affirmed. All concur.