JOHN A. FISCHER ET AL., RESPONDENTS, v. OSCAR A. BOLLER, APPELLANT.—51 S. W. (2d) 141.

Kansas City Court of Appeals. June 13, 1932.

*Pendleton & Martin* for respondent.

*W. V. Draffen* and *D. W. Shackelford* for appellant.

BLAND, J.—This is a suit on a promissory note in the sum of $2000. The case was tried before the court without the aid of a jury, resulting in a judgment in favor of plaintiffs in the sum of $2040. Defendant has appealed.

The note was dated Boonville, Missouri, August 7, 1926. It was payable to the order of C. P. Gott, for value received, due three years after date and bore interest from date at the rate of 7% per

annum. The note is signed by the defendant as maker. On the back of the note appear the following endorsements:

"C. P. Gott

"Note extended five years

"Due August 7th, 1934.

"All interest paid to August 7, 1927

"All interest paid to August 7, 1928

"All interest paid to August 7, 1929

"All interest paid to August 7th, 1930."

The facts established by admissions in the pleadings are as follows: That Gott endorsed the note in blank and sold and delivered the same to one Sauter; that the latter died intestate in the month of May, 1931, at which time he was the legal owner and holder of the note; that plaintiffs are the duly appointed, qualified and acting administrators of Sauter's estate; that all interest on the note had been paid to the 7th day of August, 1930; that the sum of $100 was paid thereon on the 8th day of August, 1931; that the balance of the note is past due and unpaid; that contemporaneously with the execution of the note, there was a deed of trust executed by Gott on certain real estate situated in Cooper county, securing the note; that on the first day of March, 1927, defendant conveyed the property to one Renfrow, subject to said deed of trust; that in said deed of conveyance it is stipulated and recited that Renfrow assumed and agreed to pay the note.

The answer pleads:

"That subsequent to the execution of said deed it was agreed between said A. H. Sauter and said J. P. Renfrow, without the knowledge or consent of defendant, that the time for the payment of said note should be extended until August 7th, 1934; that in consideration of said extension agreement the said Renfrow promised to pay the interest on said note during the extended period thereof and that in pursuance of said promise he paid one hundred dollars on said interest on the 8th day of August, 1931; that by reason of the facts hereinbefore stated the defendant is discharged and released from the payment of said note and the interest thereon."

The reply reads as follows:

"Comes now the said plaintiffs, by their attorneys, and for their reply to the defendant's amended answer, deny that the time of payment of the note sued on in plaintiff's petition was extended by A. H. Sauter, as alleged in said answer."

The evidence shows that the endorsement on the back of the note as follows: "Note extended five years, due August 7, 1934" was in the handwriting of Sauter. Defendant called Renfrow as a witness and asked him to state whether or not Sauter agreed with him to make the extension appearing by said endorsement on said note

and, if so, what promise, if any, he had made said Sauter as a consideration for the extension. Plaintiff objected to this testimony on the ground that Renfrow was an incompetent witness. This objection was overruled and the witness testified that Sauter agreed with him to extend the time for the payment of the note to August 7th, 1934 and, at the same time, the witness orally promised Sauter to pay the interest on said note during such extended time; that this agreement was made without the knowledge or consent of the defendant.

There is no contention on the part of the plaintiffs but that if the extension was actually made it was intended to have been done for Renfrow and was without the knowledge and consent of defendant, and that, if the agreement was actually made on the consideration pleaded in the answer, defendant is released. In their brief plaintiffs state that "under the pleadings and the evidence, the alleged extension is the sole issue in the case." In this connection, it is plaintiffs' contention that Renfrow was not a competent witness to testify as to his agreement with the deceased (Sauter) in reference to the extension of the time for the payment of the note and the consideration therefor, Sauter being dead; that, although the endorsement upon the note, to-wit: "Note extended for five years, due August 7, 1934" was made by Sauter, this is not sufficient evidence to show a *contract* for the extension between Sauter and Renfrow and, even if there were such a contract, it does not show that there was any consideration therefor, or that the consideration was that pleaded in the answer.

The court, in deciding the case, undoubtedly rejected the evidence of Renfrow and there is no serious effort by defendant to contend that his testimony was competent. We think there is no question but that the endorsement upon the note made by Sauter is sufficient, by way of admissions made by him, to show that there was a contract of extension between himself and Renfrow made at the time the note was originally made and that it may be implied therefrom that Renfrow agreed to pay the interest during the full period of the extended time at the rate expressed in the instrument. [Montgomery v. Hundley, 205 Mo. 138; Hessling v. Frey, 34 Me. 547; Nelson v. Flagg, 50 Pac. 571 (Wash.).] In Montgomery v. Hundley, the statement of defendant that he had an option to buy stock in a corporation was construed to mean that he admitted that he had an option and it would be presumed that it was a valid one, enforceable in law or in equity, and that there was an option, in a legal sense, as distinguished from the mere offer to sell. (See 1. c. 153.) In Nelson v. Flagg, supra, the following endorsement placed on the note at its maturity and signed by the payee: "November 31st, 1894, extended one year from date, at request of makers" etc., was held

to be a valid contract of extension, the consideration of which was the implied promise of the makers to pay the interest during the entire period of the extension, at the rate expressed in the note.

We are of the opinion that the endorsement made by Sauter upon the note was sufficient to make out a prima-facie defense; that it constituted an admission on Sauter's part of a valid extension; that there was an agreement between Sauter and Renfrow to extend the note for five years upon the consideration pleaded in the answer and, there being no dispute in the evidence and no theory upon which the trial court could have rendered a judgment in favor of plaintiffs, the judgment is reversed. *Trimble, P. J.*, concurs; *Arnold, J.*, absent.