PHOENIX TRUST COMPANY, APPELLANT, v. IRA P. GARNER, RESPONDENT.—59 S. W. (2d) 779.

Kansas City Court of Appeals.   May 1, 1933.

*Murrell & Murrell, George F. Heindel* and *Allen Rolston* for appellant.

*L. E. Atherton* and *John M. Campbell* for respondent.

TRIMBLE, J.—Regardless of the form of, and allegations in, plaintiff's original and amended petitions, this case is one *in assumpsit* and seeks to recover the sum of $2,652.42 deficiency debt still remaining due August 2, 1926, after the foreclosure of a deed of trust from J. D. Elliott and wife to The Phoenix Trust Company on 167 acres of land owned by the Elliotts in Sullivan county, Missouri. The basis of this suit is that in a deed from said J. D. Elliott and wife to defendant, conveying said 167 acres subject to said deed of trust, on June 27, 1921, the latter assumed and agreed to pay, as a part of the purchase price of said lands, the indebtedness and obligations evidenced by said deed of trust. Said assumption in the deed from said Elliotts to defendant is as follows:

"This deed is made subject to a loan to the Phoenix Trust Company for $4,000 bear interest at the rate of six and one-half per cent which the party of the second part assumes together with interest from March 1, 1921."

Defendant accepted said deed, had it recorded and entered into possession and became entitled to the income and profits from the farm during the time he owned it.

On March 18, 1922, defendant Garner conveyed the land "subject to" said incumbrance to one A. G. Porter but he did not assume or agree to pay the said debt. On December 31, 1922, Porter conveyed the land, by warranty deed in regular form, "subject to" said indebtedness, to C. E. Seward but, likewise, he did not assume or agree to pay said debt to said Phoenix Trust Company. Then Seward, in regular form by warranty deed dated December 29, 1923, acknowledged January 18, 1924, and recorded May 6 of that year, conveyed the land to C. T. Bailey subject to said indebtedness "which grantee herein named assumes and agrees to pay." On April 28, 1924, after the indebtedness to the Phoenix Trust Company had become due, and while it yet remained unpaid, but before Bailey's deed had been recorded, said Phoenix Trust Company and C. T. Bailey entered into a written contract to extend the time of payment of said note for a period of five years, it being provided therein that "nothing herein contained shall operate to discharge or release the said C. T. Bailey, his heirs, executors, or administrators, from their liabilities upon said note." It was further provided that in the event of the failure of said C. T. Bailey to keep and promptly perform, in letter and spirit, the agreement in said deed of trust and the extension, that the whole debt should become due and collectible "without notice." This agreement to extend the time of payment of said note was made without the knowledge or consent of defendant Garner, and the extension was made in accordance with said agreement. Said extension agreement also provided for the execution by said Bailey of five additional

interest coupons, representing the interest for the period of the extension, and which coupons were to draw eight per cent interest after maturity, and for the maker to pay legal attorney's fees, if not paid when due. The said coupons were duly executed and the extension was made.

At the trial, defendant objected to the introduction of any evidence, but this was overruled, defendant excepting. However, as defendant, when his turn came, offered evidence in support of his side, whatever point was made by the objection to any evidence under the petition was waived. Thereupon the plaintiff introduced the original note and deed of trust; also the warranty deed from Elliott to Garner containing the latter's agreement to assume said note. Plaintiff further introduced an agreed statement of certain facts, among which were the execution of the note and deed of trust from Elliott to plaintiff, the various conveyances hereinbefore recited and the assumption agreement of defendant Garner as contained in the deed to him. Plaintiff also introduced the extension agreement and the additional interest coupons between Bailey and the plaintiff.

Defendant, on his part, introduced the various deeds hereinbefore recited which finally put the title to the land in Bailey, such chain of title ran from Elliott through Garner down to Bailey.

At the close of all the evidence, defendant offered a demurrer to the evidence which was sustained, and judgment was rendered for defendant. The plaintiff has appealed.

The plaintiff filed an amended petition on which the case was tried, said petition pleaded the execution of the Elliott note and deed of trust, the Elliott conveyance to defendant Garner together with the covenant therein to assume and pay the debt, the default, foreclosure and deficiency of $2,652.42, and all other proper and necessary averments in connection therewith.

The amended petition further pleaded the law of Iowa to the effect that one who thus assumes a secured debt becomes a primary or principal debtor and is not released by an extension of time by a later grantee who has also assumed the payment of the debt. It also pleaded that the note was an Iowa contract.

The answer to the amended petition contained, first, a general denial, next an admission that Elliott and his wife executed the note and deed of trust and the subsequent conveyance of the land to the defendant Garner subject to said deed of trust and said Garner's assumption thereof; also the conveyance by Garner to Porter of said land subject to said indebtedness and that, by the *mesne* conveyances hereinbefore mentioned, the land was conveyed to Bailey; that plaintiff, Phoenix Trust Company, and Bailey made the extension written agreement without the knowledge or consent of defendant, and that

defendant, being only surety on the note, was thereby released from liability.

The answer did not fail to plead a consideration for said extension agreement for that agreement, as set forth in the answer, shows it was an instrument in writing for the payment of money and, by statute, this imports a consideration. [Sec. 2958, R. S. Mo. 1929, 3 Mo. St. Ann., p. 1824.] And where such an instrument is thus pleaded, it is not necessary to allege a consideration. [Wulze v. Schaefer, 37 Mo. App. 551; Brown v. Irving, 269 S. W. 686; Maxwell v. Harroun, 180 S. W. 993.] In addition to this, the extension agreement provided for the signing by Bailey of five interest coupon notes at six per cent until maturity and eight per cent after that, on the time extended, and for which he was not otherwise liable for nor obligated to pay, and this, of itself, would seem to be a valuable consideration. [Higgins v. Evans, 88 Mo. 627, 87 S. W. 973; Steele v. Johnson, 96 Mo. 147.] Neither was he obligated to pay $500 for an attorney fee. We hold there is no merit in the contention that the defense pleaded must fail because no consideration was alleged.

The cause of action is not on the note but on the covenant to assume the debt. [Heim v. Vogel, 69 Mo. 529; Keifer v. Shackett, 85 Mo. App. 449, 452; Larue v. Bloch, 215 Mo. App. 501, 505.]

While the note, less the proper credits thereon, might be the evidence of, and measure the amount of, the indebtedness due, the defendant was not bound by the note, but is bound, if at all, only by the assumption agreement. [Citizens Bank of Senath v. Douglass, 178 Mo. App. 664, 161 S. W. 601; Nelson v. Hudson, 221 Mo. 211, 299 S. W. 1111; Wayman v. Jones, 58 Mo. App. 313; Wonderly v. Giessler, 118 Mo. App. 708.] And yet defendant Garner is sued herein not only for the deficiency on the debt but for the specific fee of $500 when he never in any way bound himself to pay either the above interest or the specific fee.

The legal effect which follows the assumption of the debt and the execution of the extension agreement, by parties who were both residents of Missouri, and with regard to an indebtedness on land in Missouri, does not make the extension agreement subject to, and to be decided by, the laws of Iowa. For, the assumption agreement is a personal contract and is bound and governed by the laws of Missouri. [Clement v. Willett, 117 N. W. 491; Liljedahl v. Glassgow, 190 Iowa, 827; 50 C. J., sec. 5, p. 14; 41 C. J., sec. 765, p. 721.] There was no agreement that the assumption of the indebtedness should have the same place of performance as the note called for. [41 C. J., sec. 765, p. 721; Baldwin v. Munger, 200 Iowa, 32, 204 N. W. 417.] Where no place of performance is specified in a contract, it is presumed that it is to be performed in the jurisdiction where the contract

is made and the debtor is not bound to tender performance, or to perform, in another state. [Allshouse v. Ramsay, 37 Am. Dec. 417; Jones v. Perkins, 64 Am. Dec. 136; Scudder v. Union National Bank, 91 U. S. 406.] The law of the *place* governs. [See also 50 C. J., sec. 5, p. 14, and cases cited.] Under Missouri decisions, Bailey the subsequent grantee is held liable even though his immediate predecessor in title was not liable. [Crone v. Stinde, 156 Mo. 262, 55 S. W. 863.]

Under Missouri law, when Bailey became a purchaser and assumed and agreed to pay the debt with the mortgagor's consent defendant Garner became a surety. [Nelson v. Hudson, 221 Mo. App. 211, 299 S. W. 1111; Citizens Bank of Senath v. Douglass, 178 Mo. App. 664, 161 S. W. 601.]

The plaintiff, the beneficiary in and holder of the deed of trust, cannot acquire a better standing to enforce the agreement than the parties to the various extension agreements have between themselves. As we view it the plaintiff cannot, under the Missouri law, hold the defendant liable. [Davis v. Dunn, 121 Mo. App. 490, 97 S. W. 226.] The judgment is affirmed. All concur.