William Herbert BROWN and Mary F. Brown, Petitioners,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent.

No. 15584.

United States Court of Appeals Eighth Circuit.

March 8, 1957.

Harry C. Avery and Kenneth F. Summers, St. Louis, Mo., for petitioners.

Carolyn R. Just, Atty., Dept. of Justice, Washington, D. C. (Charles K. Rice, Asst. Atty. Gen., and Lee A. Jackson and Robert N. Anderson, Attys., Dept. of Justice, Washington, D. C., with her on the brief), for respondent.

Before JOHNSEN, VAN OOSTERHOUT and WHITTAKER, Circuit Judges.

JOHNSEN, Circuit Judge.

This is a petition by a taxpayer,[1] to review a decision of the Tax Court, 25 T.C. 920.

The holding challenged is one that a payment of $3,105.24, made by the taxpayer to his two children in 1951, and a similar payment of $2600, made in 1952, were not entitled to be deducted by him from his gross income for those years, as interest, under 26 U.S.C.A. Int.Rev.Code of 1939, § 23(b).

---

1. The petition is one by a husband and wife, because of their having filed joint returns. For convenience in this opinion, we shall use simply the term "taxpayer" in reference to them.

The basis of the holding was a finding from the evidence that there existed no legal debt on the part of the taxpayer to his children, on which to predicate an interest obligation to them.

At the time of the payments, the children held two promissory notes, in a total face amount of $32,500, with provision for payments of interest, executed by the taxpayer in their favor in 1949. The taxpayer had turned these notes over to them, upon his execution of the instruments, in purported exchange for, and surrender to him of, some third-party notes in an equal face amount, which the taxpayer had made the subject of a gift in trust to them in 1947.

The third-party instruments consisted of 74 bearer-notes, executed by one Schellhardt as maker, dated September 8, 1937, having a 10-year term, and secured by a deed of trust, in the nature of a mortgage, upon a piece of real estate in the City of St. Louis, Missouri, which Schellhardt then owned. Later, Schellhardt had conveyed this property to the taxpayer, subject to the deed of trust.

When the mortgage indebtedness became due, on September 8, 1947, the taxpayer paid in the amount necessary to satisfy it, to the Chippewa Trust Company, at its office in St. Louis, where the 74 notes were by their terms to be presented for payment on their maturity. Upon receipt of the redemption money, the Chippewa Trust Company apparently made call upon the holders of the notes for such presentation—a process which consumed a period of more than six months before all of the instruments finally were surrendered by the various holders.

The taxpayer had had a real estate man handle for him the matter of making payment of the redemption money to the Chippewa Trust Company on the maturity date of the notes. In accepting this agency, the real estate man had executed an acknowledgment of having received the funds from the taxpayer and of having an obligation to pay the money over to Chippewa Trust Company, "in full payment of the principle bonds or notes secured by deed of trust", with a description of the property covered by the deed of trust being set out in the instrument.

The instrument of acknowledgment further contained a declaration that, "upon all of said principal bonds or notes being surrendered by the holders thereof to Chippewa Trust Company for payment", the real estate man would have the Chippewa Trust Company turn them over to him uncancelled and would then deliver them to the taxpayer's two children "in equal parts".

The redeemed notes were never in fact so turned over by the real estate man to the taxpayer's children but were allowed by him to remain in his office safe. The Tax Court held, however, that this possession amounted in the situation to that of a trustee for the children. And when the taxpayer executed and turned over to his children his personal notes in 1949, as referred to above, the real estate man surrendered the redeemed Schellhardt notes to the taxpayer.

On the day that the taxpayer had the money paid in to the Chippewa Trust Company for making redemption of the Schellhardt notes, he also had the trustee under the deed of trust securing the instruments execute a purported extension of the term of the mortgage debt to September 8, 1962, and in consideration therefor he made a written agreement of assumption and promise to pay the mortgage indebtedness on the extended maturity date, with intermediate interest. There is no showing or contention that Schellhardt, as maker of the notes, ever had consented to such an extension. Nor is it claimed that the holders of the notes (the notes were then outstanding in the hands of the third-party holders) had any knowledge of or part in what was thus done.

As a matter of fact, the taxpayer manifestly did not intend that these

holders should know or be able to take advantage of the 15-year extension, as fortified by his personal assumption of the debt. He wanted and had redemption made against the holders on the basis of the original maturity date of the notes, for the purpose of getting the instruments out of the hands of the holders and transferring them to his children in gift, after he had achieved their surrender, through assertion of his right of redemption as owner of the mortgaged premises.

■ Under Missouri law, however, the liability of Schellhardt on the notes had ceased to exist at the time of the taxpayer's purported gift of the instruments to his children. The courts of Missouri have repeatedly held that the granting of an extension of time for the payment of a mortgage debt, by the mortgagee to a grantee of the mortgaged property, in consideration of or in relation to an assumption by the latter of such debt, operates to discharge the mortgagor from liability therefor, unless he has consented to the extension.[2] See e.g., Pratt v. Conway, 148 Mo. 291, 49 S.W. 1028, 1029; Columbian Nat. Life Ins. Co. v. Dubinsky, 349 Mo. 299, 160 S.W.2d 727, 732; Steele v. Johnson, 96 Mo.App. 147, 69 S.W. 1065; Nelson v. Hudson, 221 Mo.App. 211, 299 S.W. 1111; Fischer v. Boller, 227 Mo. App. 52, 51 S.W.2d 141; Ruskamp v. Fetchling, Mo.App., 101 S.W.2d 524.

In the gift that the taxpayer made of the Schellhardt notes to his children, the only legal obligation that he could at all give or lodge in them was accordingly his own assumption or promise to pay the amount of the mortgage debt. And such liability or cause of action as might exist in relation thereto would be upon the instrument of assumption and not on Schellhardt's notes. Phoenix Trust Co. v. Garner, 227 Mo.App. 929, 59 S.W.2d 779, 780, and cases there cited.

In making redemption from the holders of the Schellhardt notes on their maturity date; in executing at that time a written agreement on his own part to pay the amount of the mortgage debt on a future date; in having the trustee under the deed of trust agree to an extension of the time for payment to such date; and in turning over the redeemed Schellhardt notes to a trustee in gift to his children—the taxpayer, therefore, as a matter of legal effect and significance, was doing nothing more than making a gift to the children of his own promise to pay and of the purported security for its performance.

■ But under Missouri law, as well as generally, a note or other naked promise by a donor to a donee to do something in the future is not ordinarily capable of being the subject of a valid gift. Scottish Rite Temple Ass'n of Kansas City v. Lucksinger, 231 Mo. App. 486, 101 S.W.2d 511, 513; Scott v. Crider, 217 Mo.App. 1, 272 S.W. 1010, 1013. "This is upon the ground that such a note is a mere promise and that the gift of the note is the delivery of a promise only and not the thing promised * * *." 24 Am.Jur., Gifts, § 93, pp. 777–778. And corollarily, a mortgage or deed of trust given to secure such a note is as to the donee similarly without validity or enforceability. Finnerty v. John S. Blake & Bro. Realty Co., 276 Mo. 332, 207 S.W. 772, 773; Cobble v. Garrison, Mo., 219 S.W.2d 393, 394; Bitzenburg v. Bitzenburg, 360 Mo. 70, 226 S.W.2d 1017, 1022.

■ Thus, there existed in the situation involved no legal obligation on the part of the taxpayer to his children from the instruments which he had given them in 1947. The notes which he executed in their favor in 1949, in exchange for the previously given instruments, were accordingly without any value-consideration and so equally lacked any obligation of payment. Since

the purported interest payments made by the taxpayer to his children did not rest upon any obligation, the Tax Court necessarily could regard them as family gratuities, which were not legally subject to deduction from gross income. Affirmed.